NEW-YORK, May, 1822.

BUSTER v. NEWKIRK.

Judgment reversed.

---

BUSTER *against* NEWKIRK.

IN ERROR, on *certiorari* to a Justice's Court.

*Newkirk* brought an action of *trover* against *Buster* for a deer skin. It appeared that *N.* was hunting deer on the 31st of *December,* 1819, and had wounded one, about six miles from *B.'s* house, which he pursued with his dogs. He followed the track of the deer, occasionally discovering blood, until night; and on the next morning resumed the pursuit, until he came to *B.'s* house, where the deer had been killed the evening before. The deer had been fired at by another person, just before he was killed by *B.,* and fell, but rose again, and ran on, the dogs being in pursuit, and the plaintiff's dog laid hold of the deer about the same time, when *B.* cut the deer's throat. *N.* demanded the venison and skin of *B.,* who gave him the venison, but refused to let him have the skin. The jury found a verdict for the plaintiff for seventy-five cents, on which the Justice gave judgment.

Though property in an animal, *feræ naturæ,* may be acquired by occupancy, or by so wounding it, as to bring it within the power and control of the pursuer; yet if, after wounding the animal, the party continues the pursuit until evening, and then abandons it, though his dogs continue the chase, he acquires no property in it.

*Per Curiam.* The principles decided in the case of *Pierson* v. *Post,* (3 *Caines' Rep.* 175.) are applicable here. The authorities cited in that case, establish the position, that property can be acquired in animals *feræ naturæ,* by *occupancy* only; and that, in order to constitute such an occupancy, it is sufficient if the animal is deprived of his natural liberty, by wounding, or otherwise, so that he is brought within the power and control of the pursuer. In

NEW-YORK,
May, 1822.

the present case, the deer, though wounded, ran six miles ; and the defendant in error had abandoned the pursuit that day, and the deer was not deprived of his natural liberty, so as to be in the power or under the control of *N.* He, therefore, cannot be said to have had a property in the animal, so as to maintain the action. The judgment must be reversed.

Judgment reversed.