CRanch, C. J.,
delivered the opinion of the Court.
This is an action of replevin for a female slave named Mahala. Upon a motion for a return of the slave to the defendant, this Court, at the last term, (May, 1827,) was of opinion that the legal title was not in the defendant, and it appeared that the slave never was in the possession of the defendant’s intestate, nor of the defendant, except for two or three days before the writ of replevin was issued, when the defendant, claiming title as administrator of Thomas Wilson, took possession or her. There was no evidence of title in the plaintiff, except that he had been in possession of her, claiming title, ever since she was six or nine months old, when she and her mother Bet, were seen by the witness in the possession of the plaintiff;• and the probability was, that Mahala was born in his possession, his wife being the *248 daughter of Joseph Wilson, of Lancelot, the former owner of Bet, who was a crippled and worthless idiot.
The Cotjut, on examination of the evidence upon the motion for a return of the slave, was of opinion that the documentary legal title of Bet, at the time of the birth of Mahala, was in Joseph Wilson, junior, the son of Joseph Wilson, of Lancelot, and requested an argument upon the question whether the long possession of the plaintiff, Thomas L. Mitchell, either gave, or was evidence of, such a title as would ea.able the plaintiff to maintain replevin against the present defendant, William Wilson, the administrator of Thomas. That argument was heard at the adjourned session of May term, in October.
It was contended for the plaintiff, that such a possession as would have been a good bar to an action of detinue constituted a valid title against everybody.
On the other hand, it was said, for the defendant, that there was no limitation against a man’s taking possession of his goods and chattels. That the statute of limitations was a bar only to the action, not to the right. That it was not like the possession of lands, for in that case, the statute takes away the right of entry, without which the action of ejectment cannot be maintained. That in ej ectment, it is not necessary to plead the statute, because the plaintiff must show a right of entry, as a part of his title to recover; but in mere personal actions, it is necessary to plead it, because it is only a bar to the remedy. That in Maryland it has been decided, that in replevin, the statute must be specially pleaded. Smith v. Williamson, 1 Har. & Johns. 147. That the cases in Virginia, in which it has been decided, that five years’ possession of a slave gives a substantive title to a plaintiff in detinue, were cases under the peculiar statute of frauds of that State, where slaves were, for a long time, considered as real estate.
In reply to which, it was said, for the plaintiff, that the Supreme Court of the United States, in the case of McIver v. Ragan, 2 Wheat. 29, said, that “ the statute of limitations is intended, not for the punishment of those who neglect to assert their rights by suit, but for the protection of those, who have remained in possession, under color of a title believed to be good.” *
That such is emphatically the case, in the present instance. That the principles of the statute have been found to be so beneficial, that courts, both of law and equity, have extended them to analogous cases, not embraced by the letter of the statute; and although courts of law have decided, that it must be pleaded where it can be pleaded, yet, where, it cannot be pleaded, they *249 have permitted it to be given in evidence, as in the case of a set-off barred by the statute, &c. That the principle of the rule, that twenty years’ possession of lands gives a substantive title upon which a plaintiff in ejectment may recover, applies equally to the case of personal chattels; and has been so applied by the Court of Appeals, in Virginia, in the case of Newby v. Blakey, 3 Hen. & Mun. 57, and by the Supreme Court of the United States in the cases of Brent v. Chapman, 5 Cranch, 358, and Shelby v. Guy, 11 Wheat. 371. That although there were cases of slaves, yet the principle, the reason, and the law, upon which those cases were decided, are equally applicable to chattels of any other description.
These cases were not decided upon the statute of frauds, but upon the statute of limitations, as clearly appears from a remark of the Supreme Court, in its opinion in the case of Shelby v. Guy, 11 Wheat. 374, where the Judge observes, that “ the dates and facts do not bring the case within the operation of the Statute of Frauds of 1785.”
These cases and principles seem to me to be decisive of the present question.
It is not necessary, in this case, to decide that the possession of the plaintiff gives him a good title against all the world. It is sufficient in this action, and against this defendant, who has no title or right of possession, that it is primé facie evidence of title, and is sufficient against everybody who does not show a better.
It having been agreed, that the Court should, upon this motion for a return of the property, decide the \Vhole merits of the cause, I am of opinion that the defendant ought to confess judgment for one cent damages and costs.
Morsell, J., concurred. ThRuston, J., absent.
Judgment for the plaintiff.