Chief Justice Bingham
delivered the opinion of the Court:
In this case a declaration was filed in replevin on September 2, 1887, and four days after a plea of not guilty was filed by the defendant.
The parties agreed to the following statement of facts for the purposes of a trial:
For the purpose of a trial by the court it is agreed that the following are the facts and circumstances in this case, it being understood that the court may call for and consider, such other and further evidence as it or the parties hereto may deem necessary, and which- evidence, when so used, shall be incorporated into this agreement.
The plaintiffs are dealers in pianos and organs in Baltimore City, Maryland, having a branch establishment in the city of Washington, D. C. On the 18th day of December, A. D. 1885, they delivered to Henry Ewald of said city the piano in controversy under the following agreement:
Agreement for leasing from Sanders and Stayman, Baltimore, Md.:
One J. & C. Fischer upright piano, style “ H,” No. 64,926, ■with the privilege of purchase.
This certifies that I have rented of Sanders and Stayman, one J. & C. Fischer piano, numbered 64,926. The said piano I have rented on the following terms :
I agree to pay as rent for the use of said piano the sum of three hundred and twenty-five dollars, as follows, viz: December 18,1885, thirty-five dollars paid on piano number 26,677, and ten dollars on the 18th day of each and every succeeding month until the amount of three hundred and twenty-five dollars is fully paid.
On failure to pay any of the said amounts as above státed *558 on demand being made, the payments heretofore made shall be forfeited, and the said Sanders and Stayman shall be restored to their said Fischer piano and may take the same into their possession, and I agree to deliver the same to them or their agents; but if the payments are made according to the aforesaid terms, then the said Sanders and Stayman are to convey to me said piano and give me a bill of sale absolute for the same, made out and delivered to me on making the last payment as agreed. The property in said piano it is agreed shall, until the last payment is made, be and remain in Sanders and Stayman, and shall at all times be used only in the city of Washington, District'of Columbia. And it is further agreed that if 1 shall sell, or offer for sale, remove, or attempt to remove, the said piano from corner of Eighteenth and L streets, N. W., without the written consent of said Sanders and Stayman or their agents, then and in that case they or their agents, shall resume actual possession of said piano, and the payments heretofore made shall be in full for the use thereof.
Witness my hand at Washington, D. C., this 18th day of December, 1885.
H. Ewald. [seal.]
Witness: E. T. Paull.
That said Ewald took said piano to his residence and remained in continual possession thereof and used the same until July 13, 1887, when it was levied upon by the defendant under and by virtue of a fi. fa. issued against said Ewald in cause No. 27, 804, Law, of this court.
That there has been paid by said Ewald to the plaintiffs the siim of two hundred and five dollars on account of said piano, as is indorsed upon said agreement.
That the said agreement has never been placed upon record in said District.
That the value of said piano is, as stated in the agreement hereinbefore referred to.
April 4, 1888, the case was submitted to the court and a *559 judgment rendered for the plaintiff for one cent damages and the costs. Appeal by the defendant.
In order to determine the rights of the parties to this controversy, it is essential to ascertain the character of the agreement in evidence. To do this “ courts look to the purpose of the parties ” as evidenced by the agreement and its provisions and applyingthe law determine the real character of the transaction. While the instrument in evidence recites that Ewald has “ rented ” the piano and that he has agreed to pay as rent for the use of the same certain sums of money at the times therein mentioned and that upon failure to make any of the payments the piano shall be immediately restored to Sanders and Stayman; and it is further provided that upon full payment of three hundred and twenty-five dollars, the latter are to convey the piano to Ewald and give him a bill of sale absolute for the same. It is further agreed that the property in said piano shall until the last payment is made be and remain in Sanders and Stayman. We think the fair construction of this instrument is that the parties intended thereby a conditional sale.
It is plainly expressed in the contract that the property in the piano is to remain in the vendor until compliance by the vendee with the conditions therein named. No actual fraudulent intent is alleged or proved in the transaction. Under such circumstances the case comes within the rule laid down by the Supreme Court in Harkness vs. Russell, 118 U. S., 663. In that case it was held that “ in the absence of fraud, an agreement for a conditional sale, of personal property, accompanied by deliveiy, is good and valid as well against third persons as against tire parties to the transaction.” And further that “a bailee of personal property, who receives it under an agreement .that he may purchase it on the performance of conditions on his part, cannot convey title to it, or subject it to execution for his own debts until performance of the conditions on which the agreement to sell is made.” And the court further held that an *560 instrument construed to be an “ executory conditional sale” not shown to be fraudulent, was not a mortgage and though not recorded in accordance with the registry acts relating to the recording of chattel mortgages, was valid.
Justice Bradley elaborately reviews not only .all of the previous decisions of the Supreme Court, but the authorities generally upon this subject, and reaches the conclusions before indicated.
We are cited by counsel to Bridget vs. Cornish, 1 Mackey, 32, as establishing the contrary doctrine. The contract in that case did not, as in the case at bar, contain an express reservation of title to the vendor. The court there found that a qualified title passed to the vendee vesting an equity in him. If, however, the latter case is to be considered as holding the law to be in any wise different from the conclusions of the court in Harkness vs. Russell, the latter must prevail in this jurisdiction.
We are also cited to Cannon vs. McMichael, 6 Mackey, 225, by defendant’s counsel. That case holds that “ the Maryland Act of 1729, Chap. 8, Secs. 5 and 6, requiring a bill of sale of personal property whereof the grantor remains in possession to be recorded within twenty days from its execution, is in force in this District.”
In the case at bar, however, as we have seen, we have instead of a bill of sale, a memorandum of an agreement evidencing an executory, conditional sale and expressly providing that the title shall remain in the vendor until the performance of conditions; hence Cannon vs. McMichael has no application. In law the real relation of Sanders and Stayman with Ewald was that of bailor and bailee until performance of the conditions named in the contract. There is no more reason to say that such a relation was fraudulent in this case than in any other case of bailment where no actual fraudulent intent is shown. A bailee in possession of personal property apparently his own cannot sell it to another who has or has not notice of the title, *561 simply because he has nothing to sell — no title which he can transfer. The question of good faith on the part of the purchaser is not involved in this case any more than in Harkness vs. Russell, though it is admitted that there are some cases where the contrary doctrine against the great weight of authority, however, has in the instance of conditional sales been upheld.
Holding, then, as we do, that the . agreement shown in the record of this case is evidence of a conditional sale of the piano, the title to remain in'the vendor until full payment by the vendee, and that as a matter of law, such an agreement is valid and efficient to protect the title of the vendor until performance of the conditions, it follows that under the agreed facts stated in the record, this action was rightly brought by the plaintiffs without previous demand, and the Circuit Court properly rendered judgment against the defendant.

Judgment affirmed.