CARL S. HOPKINS *v.* WILLIAM H. HEYWOOD AND JEANNETTE HEYWOOD.

Special Term at Brattleboro, February, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed April 9, 1913.

*Replevin—Title—Evidence—Declarations of Possessor as to Title — When Admissible — Instructions—Presumptions— When Not Allowed.*

Declarations of one in possession and use of property are admissible in aid of the presumption of ownership from possession when they show only to what extent the declarant claimed title, if they go beyond that and assert any fact in regard to the title, they are mere hearsay and inadmissible.

On the issue, in an action of replevin, whether a testatrix, who possessed and used a bureau, owned it by inheritance from her mother, Mrs. Cobb, it was error to admit evidence that while the testatrix had the bureau in use in the house where she lived she called it "Mrs.

Cobb's bureau"; but that error was harmless to defendants where they tried the case on the theory that the source of the title in question was the will of the testatrix, regardless of how she acquired title.

In replevin for a bureau and table, where it appeared that a testatrix willed her husband the use, interest, income, and rents of the residue of her estate, and so much of the principle thereof as he might "require to provide him with comfortable care and maintenance," with remainder over, and he was appointed executor and trustee and sold the bureau and table to defendants, who claimed that the bureau and table were a part of said residue, and that the husband had a right to sell them, it was not error to refuse defendants' requested instruction that the husband had a right to use so much of the principle of the estate as he required to provide him with comfortable care and maintenance, notwithstanding he had property of his own, like real estate, that was so situated that he could not use it for his immediate care and maintenance, the record not showing that the husband had property thus situated.

It was not error to refuse defendants' requested instruction that the fact that the husband had possession and control of the property in question, and sold it to defendants was evidence that he had a right to sell it, and the law presumed that, which presumption was a piece of evidence to be weighed in defendants' favor; for the source of the husband's title, as defendants claimed, was the will, and so his possession could add nothing.

Presumptions are never allowed against ascertained and established facts, nor against the express statement of the record.

REPLEVIN. Plea, the general issue. Trial by jury at the April Term, 1912, Windham County, *Fish*, J., presiding. Verdict and judgment for the plaintiff. The defendants excepted. The opinion states the case.

*Chase & Chase* for the defendants.

It was error to admit evidence that while the bureau was in her possession Mrs. Sargent called it "Mrs. Cobb's bureau." *Putnam* v. *Fisher*, 52 Vt. 191; *Chase* v. *Smith*, 5 Vt. 556; *Stevenson* v. *Gunnings' Est.*, 64 Vt. 601; *Com.* v. *Felch*, 132 Mass. 22; *Hackett* v. *Amsden*, 59 Vt. 553; 16 Cyc. 1167-1168; *Wood* v.

*Willard,* 36 Vt. 82; *Sangatuck Cong. Soc.* v. *East Sangatuck School Dist.,* 53 Conn. 478; *Osgood* v. *Coates et al.,* 1 Allen 77.

*Herbert G. Barber and Frank E. Barber* for the plaintiff.

ROWELL, C. J.   This is replevin for a bureau and a table. Emma Sargent died in 1901, leaving a will by which she gave to her husband, John P. Sargent, the use, interest, income, and rents of the residue of her estate, and so much of the principle thereof as he might ''require to provide him with comfortable care and maintenance,'' with remainder over.

Sargent was appointed executor and trustee, and sold the bureau to one of the defendants and the table to the other, neither of them knowing that he did not own the property.   Sargent died in 1910, and the plaintiff was appointed trustee under the will, and brought this suit in that capacity.

The plaintiff claimed that Mrs. Sargent inherited this property from her mother, Mrs. Cobb, and that neither article belonged to Sargent; and he was allowed to show that while Mrs. Sargent had the bureau in use in the house where she lived, she called it ''Mrs. Cobb's bureau.''   This was received as a declaration of one in possession and use of personal property.

To say nothing as to the admissibility in a case like this of the possessor's declarations as aiding the presumption of ownership from possession,—a question about which the cases are not agreed, as shown by 3 Wig. Ev. §1779,—all agree that such declarations must not be mere hearsay, but must, as Mr. Wigmore says, serve the assumed purpose, namely, give definite significance to the equivocal conduct by adding a missing link. 3 Wig. Ev. §1775.   But here the declaration admitted was not a missing part of the possession and did not relate to its nature but only to the source of title, and therefore was hearsay and not admissible.

Thus, *Ross* v. *White,* 60 Vt. 558, was trover by an administrator for articles that he claimed belonged to the estate.   When demanded of him, the defendant refused to give them up, saying that the intestate gave them to him in her lifetime.   The question was whether that statement was competent evidence to show the gift, and it was held that it was not, as it related to a past transaction, and therefore was mere narration.

So in *Ray* v. *Jackson,* 90 Ala. 513, which was an action against administrators for money that was in the hands of the intestate, who was plaintiff's father. A witness testified that the plaintiff told him that her father gave her the money. This was held to be hearsay. The court said that declarations as to the source, or manner of acquiring title are narrations of past transactions and not admissible.

So in *Sweet* v. *Wright,* 57 Iowa 510, a declaration explanatory of possession but which also detailed the agreement under which it was held, was excluded.

In *Robke* v. *Andrews,* 26 Wis. 311, 319, it is said that such declarations are evidence to show only to what extent the declarant claims title; that if they go beyond that, and assert any fact in regard to the title, they are not evidence of such fact. But this error was harmless, as the defendants tried the case on the ground and theory that the source of Sargent's title was the will, and so it made no difference how Mrs. Sargent acquired title.

The defendants claimed that under the will, Sargent had a right to sell the articles in question for his own personal use, and that having sold as the evidence showed, they thereby acquired title thereto by reason of the will. In support of this claim they requested the court to charge that Sargent had a right to use so much of the principle of the estate as he required to provide him with comfortable care and maintenance, notwithstanding he had property of his own, like real estate, that was so situated that he could not use it for his immediate care and maintenance. The bill of exceptions not showing that Sargent had property thus situated, noncompliance with the request was not error. *Houston* v. *Brush,* 66 Vt. 331, 349; *Needham* v. *Boston & Maine Railroad,* 82 Vt. 518, 524.

The defendants further requested a charge that the fact that Sargent had possession and control of the articles, and sold them to the defendants, was evidence that he owned them and had a right to sell them; and that the law presumed that, and that that presumption was a piece of evidence to be weighed in their favor. This might be so, perhaps, if nothing else appeared. But something else does appear, namely, that the source of Sargent's title, as claimed by the defendants, was the will; and that being so, his title must be referred to the will, and possession can add nothing to it as the question is presented. Nor can

presumptions be indulged in concerning the title, for presumptions are never allowed against ascertained and established facts. *Lincoln* v. *French,* 105 U. S. 617; *Fresh* v. *Gilson,* 16 Pet. 331. So presumptions in support of the judgments of superior courts of general jurisdiction arise only in respect of jurisdictional facts concerning which the record is silent, and no presumption is allowed against the express statement of the record. *Galpin* v. *Page,* 18 Wall. 350, 366; *Vaughn* v. *Congdon,* 56 Vt. 111, 116; *Hiring* v. *Chambers,* 103 Pa. St. 175.

*Judgment affirmed.*