## Commercial Car Co: to use *v.* W. H. Murphy & Sons, Appellant.

*Replevin—Statement of claim—Prior title—Act of April 19, 1901, P. L. 88.*

1. Where plaintiff and defendant in an action of replevin claim title or possession through a common source, the statement of claim, filed in accordance with the requirements of section 4 of the Replevin Act of April 19, 1901, need not set forth anything regarding the prior title.

*Practice, C. P.—Directed verdict—Legal inadequacy.*

2. A directed verdict may be erroneous, but it cannot be legally inadequate.

*Contract—Fraud—Rescission—Prompt action—Notice.*

3. One who alleges he was induced to enter into a contract by reason of false representations, will nevertheless be held bound unless he avers and proves that, after learning the truth, he promptly rescinded the contract and gave notice thereof to the other party.

*Bailment—Payment—Title—Contract—Fraud.*

4. One who makes payment on a leased article, cannot acquire ownership thereof by paying less than the full amount agreed upon for the transfer of title; if the contract was entered into and the payments made by reason of misrepresentations, he must rescind promptly and can legally recover only the amounts paid, with interest, less proper credits.

Argued May 24, 1922. Appeal, No. 3, May T., 1922, by defendant, from judgment of C. P. Dauphin Co., March T., 1918, No. 18, on verdict for plaintiff, in case of Commercial Car Company, E. J. Cavander, for use of Mercantile Trust Co. v. W. H. Murphy & Sons. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Replevin for motor truck. Before HARGEST, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff by direction and judgment thereon. Defendant appealed.

*Errors assigned* were ruling and instructions, appearing by the opinion of the Supreme Court, quoting record.

*John R. Geyer,* for appellant, cited: National Cash Register Co. v. Cochran, 22 Pa. Superior Ct. 582; Hall Safe Co. v. Walenk, 42 Pa. Superior Ct. 576; Wagner v. Prettyman, 53 Pa. Superior Ct. 316; Com. v. Lintott, 64 Pa. Superior Ct. 328; Michael v. Stuber, 73 Pa. Superior Ct. 390.

*Spencer G. Nauman,* with him *Charles H. Bergner,* for appellee, cited: Hardy Auto Co. v. Posey, 50 Pa. Superior Ct. 399; Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576; Wagner v. Prettyman, 53 Pa. Superior Ct. 316; Bankers Commercial Security Co. v. Greer, 77 Pa. Superior Ct. 458.

OPINION BY MR. JUSTICE SIMPSON, June 24, 1922:

Plaintiff delivered to defendants a motor truck, upon a written lease which provided that, if the payments specified were not promptly made, the lessor could retake possession; because of the failure to pay, as therein provided, plaintiff issued the writ of replevin in this case and recovered possession of the truck. At the trial defendants admitted the execution of the lease and failure to make the payments required by it; but offered to prove certain alleged misrepresentations made to them at or before the time it was signed. This offer being rejected, and no other proof being made or tendered, the court below directed a verdict for plaintiff, judgment was entered thereon, and defendants appeal.

Their first contention is that the statement of claim does not set forth "the facts upon which [plaintiff's] title......is based," as required by section 4 of the Replevin Act of April 18, 1901, P. L. 88, 89. Inasmuch, however, as defendants claimed no interest in the truck except that given to them by the lease, plaintiff was not required to aver or prove anything in regard to the prior

title. Under similar statutes, we so held in actions of ejectment (Clough v. Welsh, 229 Pa. 386); the same reasoning applies and the same conclusion is therefore reached in actions of replevin.

Defendant's second contention is that the charge of the court is inadequate. The only relevant part of it is: "We therefore direct you to render a verdict in favor of the plaintiff." This certainly is terse, and, depending on the facts and the law applicable thereto, may be erroneous; but it cannot be inadequate. The only remaining question involved is whether or not there was error in rejecting defendants' offer of proof.

The agreement, which was signed by plaintiff and defendants, provided for a lease, by the former to the latter, of a motor truck,—the style and character of which is set forth in great detail,—at a fixed rental to be paid as therein specified, and, after it was all paid, if the lease was then in force, for a bill of sale to defendants, who in the meantime were to "have the right of possession of the property, and in consideration thereof admit and agree that the property is as represented by [plaintiff], and is in good condition and repair at the time it is received by [defendants],......And at the expiration or sooner determination of the said term [of the lease] agree to quit and surrender the said property [to plaintiff, and] further agree that this written lease contains the entire agreement between the parties, and that no verbal agreement shall be binding."

The statement of claim avers the execution of the lease, delivery of the truck to defendants because thereof, and their failure to make the payments required, whereby plaintiff became entitled to recover the truck from them. An affidavit of defense was filed; but since we shall assume it was ample foundation for the offer of proof, we need only add that in it defendants aver that the facts alleged "entitled [them] to the possession and right of possession, as well as title to the truck."

At the trial defendants offered to prove, by one of their number only, that the lease was signed because of cer-

tain representations made to them by plaintiff, while they were considering the purchase of a truck, these alleged representations flatly contradicting nearly everything later set forth in the lease, regarding the truck in suit; that at and after the time it was delivered to them they made certain payments on account, but subsequently, the date not being given, they discovered the falsity of the representations and refused to pay anything more, alleging the payments already made equalled or exceeded the actual value of the truck; by reason of which they contended they "were not in default, and had not made any breach of the contract, for which the plaintiff......was entitled to take possession of the said truck."

The offer did not aver defendants did not know the terms of the lease at the time they signed it; that anything was omitted from or added to it by fraud, accident or mistake; that defendants proposed to prove the matters alleged by another witness also, or by facts and circumstances, having an equal probative effect; that they had elected or then did elect to rescind the contract; or that plaintiff agreed they should have title or possession otherwise than upon compliance with the terms of the lease. In view of these omissions the offer was, of course, properly rejected; we shall not review all of them, however, but only briefly consider those which are fundamental.

Defendant's principal complaint is that they were to be given a new "motor truck, built in 1916" (the year of the leasing), and did not get it; yet a very slight attention to the lease which they signed would have advised them they were only entitled to "one motor truck...... built in 1915." No explanation of this fatal oversight on their part is tendered; perhaps because they thought they were not bound to explain it, despite our numerous decisions to the contrary.

The offer of proof does not state when defendants first ascertained the falsity of the representations alleged to

have been made; but whenever it was, they were then bound to rescind the contract promptly if they did not wish to be held liable according to its terms: Muehlhof v. Boltz, 215 Pa. 124; Corporation Funding & Finance Co. v. Stoffregen, 264 Pa. 215, 219. As stated, they do not aver they rescinded it at any time, and hence, as admittedly they were in default in their payments under the lease, plaintiff's title was not divested and it had the right to recover possession of the truck.

So, also, if this objection were waived, defendants' claim would fail for the additional reason that they could not obtain title to the truck except upon terms assented to by plaintiff. Since there was no suggestion it ever agreed defendants should acquire title or continue in possession, except upon paying the amounts specified in the lease, their utmost limit of right (even if they had duly rescinded the contract and had averred and proved they were entitled so to do) would have been to retain possession of the truck until the money paid by them had been returned, with interest, less whatever credits the law required them to allow. This, however, they did not ask in their pleadings or offer of proof.

Apparently they were under the erroneous belief that they could affirm the lease, in so far as it provided for their acquiring title if they made the payments specified, and at the same time disaffirm it, in so far as concerned the amount to be paid; and hence proposed, if successful in their contention, to proceed, under section 7 of the Replevin Act, supra, to obtain possession of the truck by "a writ in the nature of a writ retorno habendo," and, failing in this, to sue on the bond "and recover thereon the value of the [truck]......in the same manner that recovery is had upon other official bonds." As already pointed out, however, they were not owners, and of course could not become so by paying what they thought the truck was worth, instead of the sum for which plaintiff agreed to sell it.

The judgment of the court below is affirmed.