## LYNCH ET AL. v. MARTIN.

[No. 12,488.   Filed April 22, 1926.]

1. APPEAL.—*Verdict and judgment will not be disturbed because of insufficiency of the evidence where it was conflicting.*— Where the evidence was conflicting, the verdict and judgment will not be disturbed on appeal because of the insufficiency of the evidence. p. 479.

2. EVIDENCE.—*Declarations of a party in possession of personal property are admissible in his favor or that of his representa-*

*tive.*—The declarations of a party in actual possession of personal property as to his title thereto are admissible in his favor or that of his representative. p. 479.

3. REPLEVIN.—*Plaintiff must recover on strength of his own title.*—In an action of replevin, the plaintiff must recover on the strength of his own title, and not by attacking the title and right of possession of the defendant. p. 480.

From the Sullivan Circuit Court; *Walter F. Wood,* Special Judge.

Action by John Lynch and others against Martha Martin. From a judgment for defendant, the plaintiffs appeal. *Affirmed.* By the court in banc.

*William R. Nesbit,* for appellants.

*Martin L. Pigg,* for appellee.

NICHOLS, C. J.—Action in replevin by appellants against appellee to recover the possession of certain personal property of which appellants claim to be the owners. There was an answer in denial, and a trial by jury which resulted in a verdict for appellee, upon which, after appellants' motion for a new trial was overruled, judgment was rendered. The error assigned is the action of the court in overruling their motion for a new trial.

It appears by the evidence that appellee is the widow of one James E. Martin who died August 19, 1924, and who, at the time of his death, and theretofore,

1, 2. had the possession of the personal property described in the complaint, and which he was claiming to be the owner of during such possession, which had been continuous for some time before his death. Appellants claim the title and right to possession of such property by reason of an alleged contract by them with the deceased husband, which they attempted to prove and which was denied by appellee. She claims title and right to possession of a part of the property, by reason of being his widow, the same com-

ing to her under the statute of descent, and there was evidence that other parts of the property had been sold to another by her husband.    The evidence was conflicting, and the verdict and judgment will not be disturbed because of the insufficiency of the evidence.    Appellants complain that appellee was permitted to prove declarations of her husband as to his ownership of the property made while he was in possession of the same, but it is the law that the declarations of a party in actual possession of personal property as to the title by which he held are admissible in evidence in favor of the party making such declarations or his representatives.    *Mc-Connell* v. *Hannah, Admr.* (1884), 96 Ind. 102; *Bunnell* v. *Studebaker* (1882), 88 Ind. 338; *Gaar, Scott & Co.* v. *Shaffer* (1894), 139 Ind. 191, 38 N. E. 811; Ewbank, Trial Evidence 632.

Appellants cannot recover by attacking the title and right to possession of appellee.    They must recover on the strength of their own title.    *Easter* v. *Fleming* (1881), 78 Ind. 116; *Ferguson* v. *Day, Sheriff* (1893), 6 Ind. App. 138, 33 N. E. 213; *Morgan* v. *Jackson* (1904), 32 Ind. App. 169, 69 N. E. 410; Ewbank, Trial Evidence 689.

There was no error in the instructions.

Affirmed.