FRANK DAPSON vs. RALPH DALY.

Berkshire.    September 21, 1926. — October 13, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Wild Animal. Deer. License. Evidence,* Presumptions and burden of proof. *Replevin. Practice, Civil,* Findings by trial judge. *Pleading, Civil,* Answer.

Findings by a judge of a district court will not be set aside upon an appeal from an order of an appellate division dismissing a report by the judge if it appears from the record that there was evidence at the trial warranting the findings.

One who had not procured the certificate of registration required by G. L. c. 131, §§ 3, 62, 63, cannot maintain an action of replevin for the carcass of a deer shot by him in the open season when it was not doing damage to property: without such a certificate he has no rights as a hunter of wild animals.

Under an answer containing no special allegation, a defendant in a writ of replevin for the carcass of a deer may rely on lack of title in the plaintiff due to the fact that, not being duly registered under G. L. c. 131, §§ 3, 62, 63, he had not the rights of a hunter; proof of title is a prerequisite to the maintenance of the action by the plaintiff.

Where, in an action of replevin for the carcass of a deer which had been shot by both the plaintiff and the defendant, a trial judge found on conflicting evidence that the defendant fired the shot which killed the deer and that he was not satisfied that the deer was so wounded by the plaintiff that it was about to be deprived of its natural liberty, a finding for the defendant was proper.

REPLEVIN to recover the carcass of a deer. Writ in the District Court of Central Berkshire dated December 8, 1925.

Evidence and facts found by the trial judge are stated in the opinion.

The judge refused to grant the following requests by the plaintiff for rulings:

"1. That upon the evidence in this case the plaintiff has proved a special title in the property in question and is entitled to recover."

"3. It is sufficient for the plaintiff in this case to prove that the deer was wounded by the plaintiff so that it was brought within the power and control of the pursuer."

The judge granted the following requests by the defendant for rulings:

"1. That the plaintiff in this action of replevin cannot recover unless he proves either —

"(a) That he was licensed to hunt under the laws of this Commonwealth on the seventh day of December, 1925, or

"(b) That the deer named in the writ of replevin was a tame deer named in the plaintiff's writ, or one which he had cause to believe had damaged or about damaged crops, fruit or ornamental trees upon his own land or upon the land of one who had authorized him to pursue such deer."

The judge also ruled: "One cannot have property in an animal *ferae naturae* unless being authorized so to do he has deprived said animal of its natural liberty and acquired control thereof."

There was a finding for the defendant. A report to the Appellate Division for the Western District was ordered dismissed. The plaintiff appealed.

*M. B. Warner*, for the plaintiff.

*R. M. Stevens*, for the defendant, was not called on.

RUGG, C.J. This is an action of replevin to recover the carcass of a deer. There was evidence tending to show that both the plaintiff and defendant were on the same day and in the open season hunting deer; that the plaintiff and his companion fired shots at the deer in question and that, shortly thereafter, while the deer was galloping although it may have fallen before, the defendant also fired a shot, whereupon it immediately fell and was dead when he reached it; and that the defendant carried it away.

The finding was that the trial judge was not satisfied that the deer, an animal *ferae naturae*, was so wounded by the plaintiff that it was about to be deprived of its natural liberty, and that the fatal shot was fired by the defendant. There was evidence to support these findings. Hence they must stand. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143.

In this Commonwealth the title to wild animals and game is in the Commonwealth in trust for the public, to be devoted to the common welfare. The Legislature has made provision for the hunting of deer during a restricted period

by those duly licensed. G. L. c. 131, §§ 3, 62, 63. These regulations are valid. The right to hunt deer exists and can be exercised only in accordance therewith. *Commonwealth* v. *Hilton*, 174 Mass. 29, 31. *Geer* v. *Connecticut*, 161 U. S. 519.

The plaintiff in the case at bar failed to show that he was duly authorized by law to hunt. Unless so licensed, he was not entitled to the rights of a huntsman. It was an essential part of his case to show that he was a lawful huntsman before he could invoke in his own behalf the law of the chase. The plaintiff, in order to prevail, was bound to show title in himself and could not rely on the weakness of the defendant's rights. *Davis* v. *Smith-Springfield Body Corp.* 250 Mass. 278, 284. The plaintiff never acquired physical possession of the deer. The first step toward showing title in himself was to prove that he was licensed to hunt. The nature of the plaintiff's claim was such as not to require the defendant to set up in his answer the illegal conduct of the plaintiff. The burden of proof in this as in all other essential particulars was on the plaintiff. *Wylie* v. *Marinofsky*, 201 Mass. 583. See *Conroy* v. *Mather*, 217 Mass. 91, and cases there collected.

The plaintiff bases his case on the ground that he was pursuing and had wounded a deer during the open season and was therefore entitled to its ownership, even if the mortal wound was given by the defendant. It is conceded that the deer in question was a wild animal not doing damage to property. The controlling principle of the common law is that the huntsman acquires no title to a wild animal by pursuit alone, even though there is wounding, unless the animal is followed up and reduced to occupation, that is, to actual possession. *Pierson* v. *Post*, 3 Cairnes, 175, where the authorities are reviewed. *Buster* v. *Newkirk*, 20 Johns. 75. *Young* v. *Hichens*, 6 Q. B. 606. 1 Bract. (Twiss's Ed.), 2d Book, c. 1, § 3. On this point the finding of fact was against the plaintiff. It cannot be set aside on this record.

It follows that there was no error of law in the denial or granting of requests for rulings.

*Order dismissing report affirmed.*