## DeCoursey and High v. Cosner, Appellant.

Argued November 19, 1931.

230

Before T<span>REXLER</span>, P. J., K<span>ELLER</span>, L<span>INN</span>, G<span>AWTHROP</span>, C<span>UN-</span>
<span>NINGHAM</span>, B<span>ALDRIGE</span> and S<span>TADTFELD</span>, JJ.

*John L. DuBois,* for appellant.

*Robert G. Hendricks,* for appellee.

P<span>ER</span> C<span>URIAM</span>, December 11, 1931:

This was a suit in replevin. The defendant entered
bond and kept the property. A statement or declara-
tion was filed by the plaintiff, replied to by the de-
fendant and judgment was entered by the court for
want of a sufficient affidavit of defense.

The subject matter of the suit was an automobile
which was leased by the plaintiff to the defendant by
what is commonly called a bailment lease, having in it
a clause permitting the lessor to recover possession
of the chattel in the event of the rent not being paid.
There was default followed by the issuing of the writ.
The defendant acknowledges that he entered into the

lease, says it may be construed as a bailment, but that the status of the parties thereto is changed because the defendant was adjudged a bankrupt and scheduled the automobile in question as his property, valuing the same as $150 and that the plaintiff never proved his claim against the bankrupt's estate and therefore is without remedy.

This is not a contest between the trustee in bankruptcy and the plaintiff. The defendant gave bond for the retention of the machine and claimed it as his property. He alleges no possession in the trustee at the time the present suit was brought and if he had, such possession would not affect the rights given to the plaintiff as owner and lessor of the chattel. 7 C. J. 124, section 214.

The defendant alleges that the statement is insufficient to support the judgment because it does not set forth the plaintiff's title. The latter is only required to aver facts showing his title as against the defendant. This he has done: Riccardi Motor Car, Inc. v. Weinstein, 98 Pa. Superior Ct. 41.

There is, however, a matter which should be corrected. According to the record the plaintiff directed the prothonotary to assess the damages and the latter fixed them at the sum claimed by the plaintiff in his declaration. This was wrong. We assume that the printed record as presented is complete and that no application was made to the court to have the damages assessed by a writ of inquiry which would have been the proper method to pursue: Painter v. Snyder, 22 Pa. Superior Ct. 603; Miller v. Douglas, 32 Pa. Superior Ct. 158; Com. v. Lintott, 64 Pa. Superior Ct. 328; Westinghouse Co. v. Harris, 237 Pa. 203, 210. The lower court is not responsible for the mistake.

In order that the error may be corrected, we will set aside the assessment of damages so that a proper

writ of inquiry for the assessment of damages may be issued.

The general judgment entered by the court is affirmed. The assessment of damages is set aside. Appellant to pay the costs.