## Gordon Gallagher *v.* Motors Finance Corporation and I. K. Horrell.

Argued May 3, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Wilbur G. Galbraith,* for appellant.

*H. M. Lubic,* and with him *John K. Benn,* for appellee.

Per Curiam, July 14, 1932:

Plaintiff brought Replevin against the Motors Finance Corporation to recover possession of an automobile. The appellant Horrell asked to intervene, filed a counter-bond, and retained possession of the car. Some months later plaintiff filed a statement of claim, service of which was accepted by the attorney for the defendants. No affidavit of defense having been filed, as required by law, the plaintiff entered judgment for want of one. Assessment of damages was made by a sheriff's jury. DeCoursey & High v. Cosner, 103 Pa. Superior Ct. 229. The defendants' attorney having been informed of the time and place, on April 24, 1931 the jury fixed the damages at $625. On June 29th the appellant petitioned the court to have the judgment opened alleging that there had been no appearance by him, and that the state-

ment disclosed no cause of action. The petitioner did not disclose any defense. There was also a petition to set aside the award of the sheriff's jury as being excessive, the value of the chattel being set forth at $225 and the award being $625. Both petitions were discharged. A petition to strike off the judgment was also discharged.

We may briefly state that the statement of claim was sufficient. It was not necessary for the plaintiff to set out title against every one. He set out a title superior to the defendants, both having origin in a common source, and that is all that is necessary. Commercial Car Company v. Murphy & Sons, 275 Pa. 105. Ungar Buick Company v. Thum, 104 Pa. Superior Ct. 318.

Notice of the meeting of the jury was given to the attorney, who represented the defendant throughout the proceedings, and who appears in the present appeal. It was not necessary for defendant's attorney to appear by formal entry on the docket. His acceptance of service, as attorney for the defendant, of the original statement of claim is equivalent to an appearance, unless set aside by proof of lack of authority to represent him.

There is, however, one matter which has given us some concern, and that is the amount found by the jury of inquiry, $625. The value of the auto being $225, the damages awarded for the detention must have been $400. This amount appears out of all proportion to the actual damages. There does not appear in the record any proof of special damages, and there was no sanction for finding punitive damages. This being so, the measure of damages should not exceed simple interest. Commercial Motors Corp. v. Waters 280 Pa. 177; Armstrong & Latta v. Philadelphia, 249 Pa. 39; Collins v. Houston, 138 Pa. 481; Rafferty v. Haldron et al., 81 Pa. 438; Farmers' Bank

v. McKee, 2 Pa. 318; Cox v. Burdett, 23 Pa. Superior Ct. 346.

We would be constrained to send the case back for further inquiry as to this matter were it not for the fact that appellee's counsel desirous of avoiding further litigation has consented that the loss by detention shall be limited to legal interest.

It is ordered that the judgment in the court below be modified and changed so as to read $225 (instead of $625) with interest on the same from May 17, 1930, the time the writ issued and with this modification the judgment is affirmed; appellant for costs.