Kindig et al., Excrs. *v.* Wertz, Admx., Appellant.

Argued November 13, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Robert Ruppin,* for appellant.

*Chas. W. Eaby,* for appellees.

Opinion by James, J., February 1, 1935:

Jacob Kindig, whose executors have since been substituted in the record, instituted an action of replevin against Blanch Wertz, administratrix of Jacob S. Warner, deceased, to recover possession of three black mules, which plaintiff alleged had been leased on April 27, 1932 under the following written agreement, to wit:

"$400    York, Pa., April 27th, 1932.

I, for a valuable consideration, hereby agree to

have this day leased and rented from Joe Kindig, a certain three (3) black mules 6 years old at and for the sum of twenty-five (25) dollars per month for sixteen (16) months, and we hereby agree that said animals shall not be sold by me during the term of this lease; that said animals shall remain the property of the said Joe Kindig until all rental is paid; that should I not be able to make said payments I will return said animals to the said Joe Kindig and when said monthly instalments are completed, then and not until then, shall said animals belong to me and become my property.

*Witness* my hand and seal this 27th day of April, 1932. Signed, sealed and delivered in the presence of Harry V. Pearce.        Jacob S. Warner (Seal).''

During his lifetime Jacob S. Warner paid as rental only the sum of $11.50. Upon the issuance of the writ no counter bond was filed by the defendant and the sheriff delivered to the plaintiff the custody of the three mules. To the plaintiff's statements defendant filed a demurrer which was overruled whereupon defendant filed an affidavit of defense. Upon a rule being taken, judgment was entered for want of a sufficient affidavit of defense, from which judgment the present appeal was taken.

Appellant's first contention is that the declaration was insufficient to support a judgment on the pleadings because it contained no allegation of plaintiff's title as required by Section 4 of the Replevin Act of 1901, P. L. 88, 12 PS §1832. Plaintiff's declaration set forth that the mules had been leased to the defendant and that by reason of his failure to comply with the terms of the agreement plaintiff was entitled to possession. It showed that the property rights which defendant had acquired, were by virtue of the agreement, under which circumstances, where and how the plaintiff had acquired title, was unnecessary. Nowhere in the record is it suggested that the

defendant acquired possession other than by the written agreement. This contention is fully answered by Commercial Car Co. v. W. H. Murphy & Sons, 275 Pa. 105, 118 A. 641, wherein an action of replevin for a motor truck delivered to defendants under a lease the court held: "Inasmuch, however, as defendants claimed no interest in the truck except that given to them by lease it was not required to aver or prove anything in regard to the prior title. Under similar statutes, we so held in actions of ejectment (Clough v. Welsh, 229 Pa. 386; the same reasoning applies and the same conclusion is therefore reached in actions of replevin."

Defendant's second contention is that the written agreement is a conditional sale and not a bailment. In determining whether an agreement is a bailment or a conditional sale, the rule as laid down by Judge CUNNINGHAM in Stern & Co. v. Paul, 96 Pa. Superior Ct. 112, 117 may be regarded as a summary of the principles by which the question is solved. The rule is as follows: "Perhaps no entirely satisfactory and accurate definition of a bailment lease, as distinguished from a conditional sale, can be given. It may, however, be said that generally, where a person receives possession of a chattel under an agreement which contains apt words of lease, fixes a definite term and a certain rental, and includes an undertaking to return the same property at the termination of the lease, the mere fact that the bailee has an option to purchase the property during or at the expiration of the period of the lease does not transform the transaction into a conditional sale. One further factor may be added; it is important that the bailment should be for use and not for sale."

In the case of Jones v. Wands, 1 Pa. Superior Ct. 269, in which an agreement quite similar to the present one, was held to be a bailment, Judge ORLADY in a

comprehensive opinion, referred to the leading cases on the subject. In the course of this opinion the court said: "This was a bailment for use; the amount agreed upon was to be paid primarily as rent, and upon performance of all the conditions of the contract, the rentals specified were to be applied as payment of the purchase money on the property which remained in bailment, and was not liable to a sale for payment of the lessee's debts. Possession under such a contract was not a fraud, otherwise much of the business of men would be ended, and the poorer the bailee the less would be his ability to hire the use of property needful to him. The delivery of possession alone, though a material indication of ownership, does not of itself constitute a sale. There must be, in addition to the possession, at least such conditional or qualified title passed to the buyer as to give him a transferable interest in the chattels; such an interest as he can, at any time during the running of the condition, sell and dispose of at his own will: Edward's Appeal, 105 Pa. 103. The contention by appellants, that because there was no agreement to return the property on the expiration of the term, is fully answered by Enlow v. Klein, 79 Pa. 488, which is adopted and followed in Edward's Appeal, supra,—'neither is a stipulation for the return of the property on the expiration of the time during which the bailment is operative necessary, for if it is not returned the bailor may resort to his legal remedies, and thus enforce his contract.' " A contract is to be construed as a bailment which is in terms a lease of goods which fixes the period during which the agreement is to be enforced, provides for monthly payments of rent, for safe-keeping and return of the property to the lessor at his place of business at the end of the term and that on the payment of a stipulated sum at the end of the term, the lessee may purchase the goods; Werley v. Dunn, 56 Pa. Superior Ct. 254.

In the case of Pearce v. Armold & Umble, 39 Lanc. Law Review 33, an identical agreement as to form was construed to be a bailment and not a conditional sale.

Applying the rules as laid down in the above cases, we are of the opinion that the agreement in question was a bailment. In view of this ruling, it is unnecessary to discuss any other questions raised by appellant.

Judgment affirmed.