## JACKSON v. GOODE.
### No. 423.

Municipal Court of Appeals for the District of Columbia.

Nov. 25, 1946.

W. C. Sullivan, of Washington, D. C., for appellant.

No appearance or brief filed for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This appeal is brought by Emma Jackson who unsuccessfully defended before a jury a replevin suit involving the right to possession of furniture. The goods in question were originally those of Leroy Thompson who had acquired them from a local furniture company under a conditional sale agreement. Plaintiff Bertha Goode claimed to have bought the goods from Thompson on January 19, 1946. Defendant Emma Jackson claimed that her husband James Jackson had bought the furniture from Thompson a little more than two weeks earlier.

The testimony for plaintiff was that after she bought the goods from Thompson she had them moved to a room occupied

by James Jackson at the Whitelaw Hotel. She was generally corroborated by Thompson and by the man who moved the furniture. In the testimony there were some uncertainties, discrepancies and contradictions, which we need not recite here.

Defendant testified that she had been separated from her husband James Jackson for about four years because of his "undue friendliness" with plaintiff Bertha Goode; that he was incurably ill and that she visited him frequently at his hotel room; that in March 1946, at his request, she moved him from the hotel to her apartment, where he died two weeks later. She attempted to testify that her husband had told her he had bought the furniture from Thompson for $350 cash. But on objection of plaintiff the trial judge excluded such evidence, despite defendant's contention that the testimony "was a declaration explanatory of the character of Jackson's possession of the furniture." Four other witnesses testified that about January 3 or 4 the furniture was in Jackson's hotel room; but they were not permitted to testify that Jackson had told them that he had bought it from Thompson and had paid him $350 for it. One of the witnesses, Joseph Miller, testified that Jackson had drawn a check to the order of cash for $350 which the witness took to the bank and cashed, returning the money to Jackson. He was not permitted to testify that Jackson told him he intended to use the money to buy the furniture from Thompson; nor was he allowed to testify that Jackson later told him he had bought the furniture with that money.

■ The several rulings just stated are assigned as error, defendant contending that the tendered testimony was admissible under the rule in Samaha v. Mason, 27 App. D.C. 470, to the effect that declarations of a person in possession of personal property, explanatory of the character of his possession, are competent as part of the res gestae.

■ We accept generally defendant's version of the law but we cannot agree with her view that the act here involved was a part of the res gestae. It is not the act of purchasing the property, as asserted by defendant, but the act of possessing it, to which the res gestae must be connected in order to become admissible. As the court said in the Samaha case: " * * * the rule does not go so far as to make such declarations as to the *source* of their title, or the manner in which they acquired the property, admissible." (Emphasis supplied.)

Other cases clearly hold that declarations by persons in possession of personal property are competent only when they are explanatory of the *character* of their possession, but not of the means or method by which they acquired possession.[1]

■ Testimony as to statements by James Jackson that he held legal title to the goods would have been admissible as explaining the nature of his possession. But testimony as to his statements that he bought the property from Thompson concerned declarations as to the manner in which he had acquired the property. These were mere hearsay recitals of past transactions and therefore inadmissible.

■ As to the testimony of the witness Miller: if Jackson's declaration that he intended to use the money Miller brought to him from the bank to buy the furniture from Thompson were sufficiently connected to the act of receiving the money, Miller's testimony would have been admissible *if it were part of the res gestae of this act.* Declarations of the parties concerning matters of business, if contemporaneous with the acts they tend to explain or qualify, are admissible as part of the res gestae.[2] But in order to be part of the res gestae the declaration must explain the act and be a spontaneous utterance of a thought while under the influence of the act, with no opportunity for premeditation or deliberation. And the question of

[1] Dodge v. Freedman's Savings & Trust Co., 93 U.S. 379, 23 L.Ed. 920; Eidson v. McDaniel, 216 Ala. 610, 114 So. 204; First Nat. Bank of Mobile v. Lartigue, 233 Ala. 670, 173 So. 21; Severns v. Boylan, 75 Ohio App. 15, 60 N.E.2d 521; Hopkins v. Heywood, 86 Vt. 486, 86 A. 305, 49 L.R.A.,N.S., 710. See also annotation, 49 L.R.A.,N.S., 700, 708.

[2] Wilson v. Wilson, 23 Tenn.App. 244, 130 S.W.2d 140.

whether a declaration falls within and forms a part of the res gestae is almost always left to the trial court.[3] That is so because there is no well-defined rule as to what is properly part of the res gestae in all cases, and because in passing on the question in each individual case the trial court is acting in the exercise of its discretion; and unless an abuse of such discretion is shown it cannot be said to be error.[4]

■ Examining this situation in the light of the principles just recited it is obvious that while Miller was absent on his mission to the bank there was ample time for Jackson to deliberate and plan the statement he would make when Miller returned to hand him the money. What followed was not so spontaneous an exclamation as to give assurance that the reflective faculty had had no opportunity to operate. Therefore it would not have been either safe or proper to dispense with the necessity of an oath and the right of cross-examination. For these reasons we rule that the trial court was acting within its sound discretion in excluding Miller's testimony.

■ We now discuss an error allegedly committed by the trial judge in modifying an instruction tendered by defendant. As prepared and submitted it read: "The jury are instructed that the question for you to determine is, whether the plaintiff had shown by a fair preponderance of the evidence that on April 23, 1946, she was entitled *as against all the world* to the immediate and exclusive possession of the goods which are the subject of this suit." (Emphasis supplied by us.)

The judge granted the instruction but modified it by substituting for the words "all the world" the words "the defendant." Defendant insists the modification was error and that she had a right to have the jury told that plaintiff was required to establish that on the day she filed her replevin suit she was entitled to immediate and exclusive possession not only against defendant but against all the world. We think the instruction as tendered was improper, and that as changed by the trial judge it correctly stated the law of the case.

We are aware of the cases which hold that defendant's possession is prima facie evidence of title and of the right to continued possession and that a plaintiff is required to prove his right to immediate possession not only against defendant but against any third person as well.[5] Some of these cases are based on the principle that a plaintiff can recover only on the strength of his own title and cannot rely on the weakness of his adversary's title.[6]

■ But we think the sounder theory is that in replevin suits it is not necessarily the title which is in issue but merely the right to possession as between the parties.[7] Under that theory, if plaintiff can show a right to possession superior to that of defendant, he will prevail.[8] "The plaintiff was not required to set up a title good against the whole world, but it was necessary for it to show a good title as against the defendant in possession."[9]

---

[3] Fort Street Union Depot Co. v. Hillen, 6 Cir., 119 F.2d 307, certiorari denied 314 U.S. 642, 62 S.Ct. 82, 86 L. Ed. 515; Rast v. Mutual Life Ins. Co. of New York, 4 Cir., 112 F.2d 769; William C. Barry, Inc., v. Baker, 1 Cir., 82 F.2d 79; Musgrave v. Karis, Ariz., 163 P.2d 278 and cases there collected.

[4] St. Clair v. United States, 154 U.S. 134, 14 S.Ct. 1002, 38 L.Ed. 936; Delaware L. & W. R. Co. v. Ashley, 3 Cir., 67 F. 209; Flannagan v. Provident Life & Accident Ins. Co., 4 Cir., 22 F.2d 136.

[5] Marlin v. Merrill, 25 Tenn.App. 328, 156 S.W.2d 814.

[6] Forgan v. Gordon Motor Finance Co., 350 Ill. 445, 183 N.E. 462; Lynch v. Martin, 84 Ind.App. 478, 151 N.E. 620;

Dapson v. Daily, 257 Mass. 195, 153 N. E. 454, 49 A.L.R. 1496; Craighead v. Myers, 146 Okl. 25, 293 P. 192.

[7] American Fruit Growers v. Walmstad, 44 Idaho 786, 260 P. 168; Young v. Griesbauer, Mo.App., 183 S.W.2d 917.

[8] Rankin v. Wyatt, 335 Mo. 628, 73 S. W.2d 764, 767, 94 A.L.R. 941; Commercial Car Co. v. W. H. Murphy & Sons, 275 Pa. 105, 118 A. 641; DeCoursey v. Cosner, 103 Pa.Super. 229, 156 A. 544; Gallagher v. Motors Finance Corp., 105 Pa.Super. 355, 161 A. 587.

[9] Ungar Buick Co. v. Thum, 104 Pa. Super. 318, 158 A. 310, 311; Carroll v. Godding, 155 Pa.Super. 490, 38 A.2d 720; Riccardi Motor Car Co. v. Weinstein, 98 Pa.Super. 41.

The following language in Rankin v. Wyatt, cited in footnote 8, is directly applicable to the facts of this case: " * * * the fact that the owner is not entitled to possession as against one person will not preclude his action against another. And the fact that a third person may have some interest in the property will not preclude replevin by one having the right to possession as against the defendant 'sued."

Similarly, there seems to be no question that a conditional vendor, though not entitled to possession against his conditional vendee, and therefore not "against all the world" may maintain replevin from one who has taken the goods from the vendee.[10]

The rule in this jurisdiction follows the sounder majority view that as between plaintiff and defendant the one having the superior right to possession of the chattels in question is entitled to prevail in an action of replevin. As was said long ago in a local case: "It is not necessary, in this case, to decide that the possession of the plaintiff gives him a good title against all the world. It is sufficient in this action, and against this defendant, who has no title or right of possession, that it is prima facie evidence of title, and is sufficient against everybody who does not show a better."[11] Our holding in this case is not contrary to Notes v. Snyder, 55 App.D.C. 233, 4 F.2d 426, 41 A.L.R. 1052, cited to us by appellant.

Other contentions advanced by appellant have received our careful study and we are satisfied no error was committed in the trial below.

Affirmed.

---

[10] In re Imperial Brewing Co., 4 Cir., 127 F.2d 766; Gaylor v. Dyer, 5 Cranch, C.C. 461, 5 D.C. 461; Sanders & Stayman v. Wilson, 8 Mackey 555, 19 D.C. 555; see also Zweig v. Schwartz, D.C. Mun.App., 31 A.2d 857.

[11] Mitchell v. Wilson, 3 Cranch, C.C. 242, 3 D.C. 242.