**BALE et al. v. DISTRICT OF COLUMBIA et al.**

No. 671.

Municipal Court of Appeals for the District of Columbia.

Nov. 30, 1948.

Earl H. Davis, of Washington, D. C., for appellants.

Milton D. Korman, Asst. Corporation Counsel, of Washington, D. C. (Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Asst. Corporation Counsel, and Edward A. Beard, Asst. Corporation Counsel, all of Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This was a suit growing out of an automobile collision. Appellant Bale was driving his automobile north on Bladensburg Road on his side of the highway. Margaret J. McDuffie, operating an automobile belonging to Hodge S. Lester, was driving south on the same Road. She veered to the wrong side of the road into the Bale car, damaging it and injuring Mrs. Bale, who was with her husband.

Mr. and Mrs. Bale sued Lester and Miss McDuffie and joined as defendant the District of Columbia alleging that the District had negligently permitted a depression to remain in the highway for an unreasonable length of time and that striking such de-

pression caused the Lester car to deflect its course of travel and resulted in the collision.

At the trial neither Lester nor Miss McDuffie was present but they were represented by counsel. At the conclusion of plaintiffs' case the trial judge granted a motion of the District of Columbia for a directed verdict in its favor, on the ground that there was no competent evidence to establish that the alleged defect in the street was a proximate or contributing cause of the collision between the two automobiles. The case proceeded against the two individual defendants and resulted in a jury verdict against them. This appeal is taken from the judgment entered on the directed verdict in favor of the District of Columbia.

Two errors are assigned: (1) The action of the trial court in directing a verdict in favor of the District, and (2) the refusal to admit into evidence certain "incidental" reports of the Metropolitan Police Department concerning the depression in the roadway.

To establish a case against the District of Columbia it was necessary for plaintiffs to show (1) that the Lester car actually went through the depression in the roadway, and (2) that the depression was a proximate or contributing cause of the collision. As to the first of these propositions there was considerable confusion and contradiction in the evidence as to whether it was possible for Miss McDuffie to have struck the depression, considering the location thereof and the lane in which the evidence showed she was traveling. But we think there was enough evidence to establish that she could have done so. As to whether she actually struck the depression there was no direct testimony. There was nothing except two statements by her, not given as testimony at the trial (for she was not present there), but made to others. The first statement was testified to by plaintiff Bale. He said that after the crash and after attending to his wife and child and after he was able to get out of his car he walked over to defendant McDuffie who was still seated in the Lester car and asked her what happened and she said "she must have hit that bump in the road." "I just asked her what was the matter, how come she come over there and hit me across the white line, and she said she didn't know; it must have been the bump in the road." The time of this statement was left vague by the evidence—so vague that it could have been anywhere from a few moments to five or ten minutes. The District of Columbia objected to this testimony and the court ruled that it was only to be admitted as an admission against defendant McDuffie but not against the District. This ruling was made plain by the trial judge not only at the time the evidence was offered but also (as we explain in detail later) in connection with the motion for directed verdict; and it is not assigned as error on this appeal.

Appellants suggest, without supporting the suggestion by argument or authority, that the statement was admissible as part of the res gestae. We think it clear that neither by the test of spontaneity nor closeness of time could this statement be considered part of the res gestae.[1]

There was even less ground for the admission of a later statement made by Miss McDuffie at least an hour after the collision at the police precinct, and written up by an officer as a part of the "traffic report" and received in evidence. In that statement she said that striking the depression caused her to lose control of the car.

The District of Columbia argues that this statement, like the earlier one by Miss McDuffie, was self-exculpatory. Appellants on the other hand had offered them as admissions on the part of defendant McDuffie, and they were so received. Whatever evidentiary purpose they served as to the other parties it is clear that the trial judge was correct in limiting their admissibility to the case against the individual defendants and ruling them out as statements affecting the liability of the District of Columbia. Thus there was really no evi-

1 Jackson v. Goode, D.C.Mun.App., 49 A.2d 913; 6 Wigmore, Evidence, § 1747 (3rd ed.); Jones, Evidence, Civil Cases, § 345 (4th ed.); 5 Berry, Automobiles, § 5.266 (7th ed.).

dence at all showing that Miss McDuffie ran through the depression or that the depression had anything to do with the collision. In his brief appellants' counsel says that the police "traffic report" containing the McDuffie statement was received without objection. But it seems clear that the statement to the police officer was not in evidence as part of the case against the District of Columbia. Counsel for that defendant had objected to the earlier statement made by Miss McDuffie to Mr. Bale and the objection had been sustained and a ruling made that such statement was inadmissible against the District. Apparently the case proceeded on that theory. Though the later statement to the police officer was received without the objection being specifically renewed, there is no reason to suppose that the trial judge having once plainly ruled out one statement would take a different view as to another, later and weaker statement. We say weaker, because the later statement at the police precinct could not conceivably be regarded as part of the res gestae.

 Indeed the record shows that the judge did in fact decline to consider either of the McDuffie statements. It shows that while the motion for directed verdict was being argued the following colloquy took place in connection with the two statements:

"Mr. Korman (Assistant Corporation Counsel): * * * they are hearsay so far as the District of Columbia is concerned, and Your Honor recalls that you admitted those ——

"The Court: Yes, that's true.

"Mr. Korman: —— with the specific direction to the jury ——

"The Court: Yes, that is true.

"Mr. Korman: —— that they were admissible against Miss McDuffie but not against the District.

"The Court: Yes."

This statement or ruling by the judge was not challenged at the time by counsel, and is not assigned as error here. Thus it is quite plain that neither of the McDuffie statements was before the court as evidence binding upon or affecting the District of Columbia. There being no other evidence

in the case to even suggest liability on the part of the District the trial judge was required to direct a verdict in its favor.

Appellants' second contention is that there was error in excluding an "incidental book" maintained at the police precinct. By an entry in this book appellants seemingly expected to prove that the District had notice of the depression by showing that a police officer had several weeks before the collision recorded a description of the depression, its measurements and location. We lay no stress on the fact that the report may have been inadmissible because it recited that the depression was in front of 1226 Bladensburg Road whereas all the other proof in the case concerned a depression in front of 1216, some distance away. But even if the report was admissible its exclusion was harmless error since there was considerable other evidence in the case covering the same subject matter. Moreover this report would have had no relevancy and could not have changed the result in view of the fact, already discussed above, that there was no testimony connecting the depression with the collision.

Affirmed.