·NOTES v. SNYDER, U. S. Marshal for the District of Columbia et al.

(Court of Appeals of District of Columbia. Submitted February 10, 1925. Decided March 2, 1925.)

No. 4159.

1. **Husband and wife** ⊙⇒205(2)—Either spouse may prosecute action in replevin against the other.

Under Code ·D. C. §§ 1151, 1155, either spouse may prosecute action in replevin against the other.

2. **Husband and wife** ⊙⇒16—Husband could not recover furniture purchased with joint fund from wife's possession.

Where furniture was purchased by husband and wife with joint fund, husband could not recover possession from wife in replevin on ground that wife was wrongfully away from him and had forfeited her right; he having no immediate and exclusive right of possession.

3. **Replevin** ⊙⇒8(4)—Plaintiff must have immediate and exclusive right of possession at time of commencement of suit, an undivided interest being insufficient.

Plaintiff to recover must have immediate and exclusive right of possession at time of commencement of suit, an undivided interest being insufficient to support action.

Appeal from Supreme Court of District ·of Columbia.

Action by Isaac Notes against E. .C. Snyder, United States Marshal for the District of Columbia, and Hattie Notes. Judgment for defendants, and plaintiff appeals. Affirmed.

Crandal Mackey and J. B. Stein, both of Washington, D. C., for appellant.

E. H. Jackson, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

. MARTIN, Chief Justice. Isaac and Hattie Notes are husband and wife. The former brought an action in replevin in the Supreme Court of the District against his wife and the United States marshal for the District, to recover possession of certain chattels then held by the marshal under a writ of replevin issued by the same court in the case of Hattie Notes v. Security Storage Company. Isaac Notes had sought leave to intervene in that case, in order to file a claim for the possession of the same property, but leave was denied him. He then brought the present action, and the parties stipulated that the chattels should remain in the custody of the marshal, subject to the judgment in this case.

The wife filed a plea of not guilty, at the same time setting out the relationship of the parties. The issue in replevin was tried to a jury, and at the close of the plaintiff's testimony the court directed a verdict for the defendants. Judgment was entered accordingly, whereupon the plaintiff appealed.

Two questions are presented by the record: First, whether under the District Code the husband was entitled to bring an action in replevin against his wife; and, second, whether upon the testimony contained in the bill of exceptions the court was justified in directing a verdict for the defendants.

[1] We are of the opinion that either spouse may prosecute an action in replevin against the other in the courts of the District. By section 1151, D. C. Code, all the property belonging to a woman at the time of her marriage or afterwards acquired shall be her own property as absolutely as if she were unmarried. By section 1155 of the Code married women are given the power to engage in any business, and to contract, whether engaged in business or not; also to sue separately for the recovery, security, or protection of their property, and for torts committed against them, as fully and freely as if unmarried; contracts may also be made with them, and they may be sued separately upon their contracts, whether made before or during marriage, and for wrongs independent of contract committed by them before or during their marriage, as fully as if unmarried, subject to certain exceptions not now in point.

In Thompson v. Thompson, 31 App. D. C. 557, 14 Ann. Cas. 879, this court held that the foregoing sections did not enable a married woman to sue her husband at law for damages because of an assault and battery committed by him upon her person. This was affirmed by the Supreme Court. 218 U. S. 611, 31 S. Ct. 111, 54 L. Ed. 1180, 30 L. R. A. (N. S.) 1153, 21 Ann. Cas. 921. These decisions were based upon the principle that no right of action had existed in behalf of either spouse to sue the other at law for damages because of personal torts, and that Congress had not intended to create such a right by force of section 1155. It was held accordingly that the provision in the statute permitting married women to sue separately for torts committed against them related only to such torts as theretofore were actionable at the joint suit of husband and wife, and that the wife was now permitted to bring such actions without the husband joining as

plaintiff. However, it was expressly observed by the Supreme Court in the Thompson Case: "Whether the wife alone may now bring actions against the husband to protect her separate property, such as are cognizable in a suit in equity when brought through the medium of a next friend (21 How., supra), is a question not made or decided in this case."

It is contended that the Thompson Case impliedly forbids the bringing of actions in replevin between husband and wife, since replevin is an action ex delicto. We cannot agree with this view, for such an action is not based upon a personal tort of the character passed upon in that case, nor is it within the reason of the rule laid down in the case. Under section 1151, supra, a married woman may hold and possess her separate chattel property as absolutely as if unmarried. Section 1155 gives her a right to sue separately for the recovery of her property as fully and freely as if unmarried. She may likewise be sued separately upon her contracts, and for wrongs independent of contract committed by her. She may lawfully enter into contracts with her husband. Bronson v. Brady, 28 App. D. C. 250; Thompson v. Thompson, 31 App. D. C. 557. She may sue her husband at law upon such contracts. Santmyer v. Santmyer, 48 App. D. C. 310. The right of either to bring replevin against the other, in order to recover possession of personal property, if wrongfully detained, clearly follows. There is no public policy which would forbid the bringing of such actions, whereas the right to bring them is necessary to carry out the plain intent of the enabling law. This view has been generally adopted under similar legislation in other jurisdictions. 13 R. C. L. 498; 30 Corpus Juris, §§ 674, 675.

[2] The second question in the case may be quickly answered. The undisputed evidence was to the effect that the chattels in dispute had been jointly purchased by the husband and wife, and jointly possessed and used by them. They had been placed in storage with the Security Storage Company, and the receipt for them was issued to the wife at the instance of the husband. She afterwards recovered the possession of them from the company by replevin in suit 4158 as above mentioned. The husband testified at the trial below that "after marriage the furniture was the joint property of himself and wife, but that he did not so regard it after his wife left him at Atlantic City." The record also discloses that the attorney for the husband "advised the court that, the property in question being purchased by a joint fund of the husband and wife, they expected to prove the wife was wrongfully away from her husband, and therefore she had forfeited her right to her interest in the property." In response to this statement the court inquired: "You are claiming she has an interest provided she acts as a wife should; if she does not so act, then her interest ceases and passes to her husband." To this the attorney assented.

[3] Upon this statement the trial court was justified in directing a verdict for the defendants. The plaintiff could not recover, except upon proof of a right to the immediate and exclusive possession of the property at the time of the commencement of the action. 34 Cyc. 1386. The action does not lie for an undivided interest in personal property. 23 R. C. L. 862; 43 Cyc. p. 1359. In the present case the property was owned jointly by the parties, and the husband had no right to the exclusive possession of it. The claim that the wife ipso facto forfeited her interest in the property when her husband disapproved of her conduct toward him cannot be sustained. Consequently he was not entitled to recover in the action, and the court was right in directing a verdict for the defendants.

The judgment is affirmed, with costs.