## NOTES v. NOTES et al.

(Court of Appeals of District of Columbia.
Submitted October 7, 1926. Decided
November 1, 1926.)

No. 4406.

1. **Judgment** ⬥⟶743(3).

After decree, in suit involving ownership of household goods, which adjudged they were jointly purchased and used by husband and wife, husband *held* estopped in subsequent suit to raise question of ownership as to part of same property.

2. **Husband and wife** ⬥⟶229(1).

Husband's petition for award of joint household furnishings, showing suit for separation and cross-bill had been dismissed, *held* not to authorize equitable relief.

Appeal from the Supreme Court of the District of Columbia.

Suit by Isaac Notes against Hattie Notes and others. Decree dismissing the bill for want of equity, and plaintiff appeals. Affirmed.

J. B. Stein and Crandal Mackey, both of Washington, D. C., for appellant.

E. H. Jackson, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District of Columbia, dismissing appellant's bill for want of equity. The averments of the bill are substantially as follows:

Shortly after their marriage certain household furnishings were purchased with their joint funds. Other articles were purchased with moneys the husband received from his father, and some articles the husband received from his parents as wedding gifts. The parties lived together as husband and wife in the District of Columbia until some time in June of 1923, when they placed their household goods in storage with the appellee Security Storage Company, while spending the summer at Atlantic City, N. J. In July of 1923 "certain differences arose between them," and the wife "left and abandoned her husband, taking with her their child," and has remained apart from the husband ever since. As a result of this disagreement, a separation suit was filed by the husband in the court below; answer and cross-bill being filed by the wife. "The court, after due consideration, dismissed the plaintiff's [husband's] petition for separation, as well as the cross-bill of the defendant [wife]."

The wife, shortly after the separation, sued out a writ of replevin against the storage company. Subsequently the husband instituted a replevin action, naming the United States marshal, an appellee here, as one of the defendants. The Court of Appeals of the District of Columbia, in the case of Isaac Notes v. E. C. Snyder, U. S. Marshal, et al. (No. 4159) 55 App. D. C. 233, 4 F.(2d) 426, 41 A. L. R. 1052, "has just decided that, because of the admitted joint ownership of the plaintiff [husband] and defendant Hattie Notes [wife] with respect to the goods and effects in question, the plaintiff could not maintain a replevin action."

The goods involved are of the value of at least $5,000, and, because of the admitted joint ownership of some of the articles, the plaintiff is remediless at law. The prayers of the bill are for a temporary restraining order, that the court upon final hearing award the plaintiff "the goods, articles, and personal property referred to" in the petition, and for general relief.

In the case of Notes v. Snyder, referred to in the bill, this court said: "The undisputed evidence was to the effect that the chattels in dispute had been jointly purchased by the husband and wife, and jointly possessed and used by them. * * * The husband [appellant here] testified at the trial below that 'after marriage the furniture was the joint property of himself and wife, but that he did not so regard it after his wife left him at Atlantic City.' The record also discloses that the attorney for the husband 'advised the court that, the property in question being purchased by a joint fund of the husband and wife, they expected to prove the wife was wrongfully away from her husband, and therefore she had forfeited her right to her interest in the property.'" We therefore ruled that, inasmuch as the property was owned jointly by the parties, the husband had no right to the exclusive possession of it, and could not maintain an action in replevin, affirming the judgment of the trial court.

[1] It thus appears that, in the prior suit between the same parties, it was averred by the present appellant and established that all the chattels described in the present bill "had been jointly purchased by the husband and wife, and jointly possessed and used by them." After being defeated upon the facts thus alleged and established, appellant now seeks in this action to reopen the question of ownership as to part of the same chattels. But this question of ownership necessarily was involved and passed upon in the prior suit between the same parties, and hence ap-

pellant is estopped to raise that question here. Nalle v. Oyster, 36 App. D. C. 36; Id., 230 U. S. 165, 33 S. Ct. 1043, 57 L. Ed. 1434; Carmody v. Simpson-Sullivan Co., 44 App. D. C. 39.

[2] Assuming, therefore, as we must, that these household effects are the joint property of husband and wife, does the petition of appellant state facts which, if established, would entitle him to relief in equity? He avers that the court below, "after due consideration," dismissed the cross-bills of the parties for a separation. It is reasonable to assume that the chancellor did not find either party sufficiently at fault to warrant a decree in favor of the other. At all events, the decree did not affect the marital status of the parties, who still are husband and wife. The goods here involved are of a peculiar character, being the furnishings of the home of the parties. They were acquired for no other purpose. Had they been, a different question would be presented. See 73 Am. St. Rep. note, 268–281, inclusive, and 13 R. C. L. 1450, 1451. Upon the record before us, however, appellant is not entitled to the aid of a court of equity. Having vainly invoked the aid of such a court in his separation proceeding, he now asks the chancellor for a decree that will deprive his wife and their minor child of the use of these household effects, or a part of them.

The bill being without equity, the decree below was right, and is affirmed, with costs.

Affirmed.