Rockwood and Company *v.* Pusey, Appellant.

Argued October 11, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*William T. Cooper,* for appellant, cited: Union Electric Company v. Monaghan, 72 Pittsburgh Legal Journal 305; Kariher's Appeal No. 1, 284 Pa. 469.

*E. P. Acton,* and with him *William S. Furst,* for appellee, cited: Lee-Strauss Company v. Kelly, 292 Pa. 403; Liveright v. Thornton, 56 Pa. Superior Ct. 611.

OPINION BY KELLER, J., November 21, 1928:

We agree with the learned court below that set-off is not admissible as a defense in replevin: General Motors Truck Co. v. Philadelphia Paving Co., 248 Pa. 499, 503; National Cash Register Co. v. Cochran, 22 Pa. Superior Ct. 582, 586; and that an affidavit of defense in a pending suit in replevin may not be used as a petition for a declaratory judgment under the Act of June 18, 1923, P. L. 840. That act contemplates a distinct proceeding by petition, not the grafting of an application for a declaratory judgment on a pending action at law.

We are not satisfied, however, that the plaintiff is entitled to judgment for want of a sufficient affidavit of defense.

The Act of April 19, 1901, P. L. 89, regulating the practice in actions of replevin provides that the plaintiff "shall file a declaration, verified by oath, which

shall consist of a concise statement of his demand, setting forth the facts upon which his title to the goods and chattels is based.'' The plaintiff in this action contented itself by averring that it is the owner of the automobile in suit. It did not set forth any of the facts upon which its title to the car was based. The defendant denied the plaintiff's ownership of the car and averred that it was purchased by defendant from the DeBear Motor Co. of Philadelphia by trading in his own car, valued at $400, and by paying $1,220 of which $35 was paid by him and $1,185 was lent to him by plaintiff company. Exhibits attached to the affidavit, consisting of letters from plaintiff to him, corroborate the affidavit, at least to the extent of showing that defendant paid part of the purchase price of the automobile, to-wit, $500 of the $1,685 cost price; and that the certificate of title was made out in the name of the plaintiff to protect it for the money advanced by it. The exhibits, even in the light most favorable to plaintiff, do not show a sale by the DeBear Motor Co. to plaintiff for $1,685, and a conditional sale or bailment by it to defendant; but rather a sale by DeBear Motor Co. to the plaintiff and defendant in common, the former paying $1,185 and the latter $435 to $500, on account of the purchase money, with title taken in the name of plaintiff until defendant had paid it the money so advanced by it; possession in the meantime to be retained by defendant. This would not constitute either a bailment or a conditional sale from plaintiff to defendant, but rather an ownership in common until defendant paid plaintiff the money it had put into the car. But replevin does not lie by one owner in common against another (Reinheimer v. Hemingway, 35 Pa. 432, 438; 34 Cyc. 1393, 1394), and especially not, where the arrangement between them contemplates that the latter shall have possession of the property.

We are of opinion that the affidavit of defense and its accompanying exhibits were sufficient to put the plaintiff to trial, and that the court erred in entering judgment in its favor for want of a sufficient affidavit of defense.

The first assignment of error is sustained. The judgment against defendant for want of a sufficient affidavit of defense is reversed, with a procedendo.