## Cinardo v. Cinardo et al.

*Joseph N. Bongiovanni,* for plaintiff.

*Albert J. Persichetti* and *Andrew N. Farnese,* for defendants.

SLOANE, J., February 16, 1954.—This is a proceeding in replevin without bond by a divorced husband against his former wife and their three children, two daughters and a son. He avers that certain household effects belonging to him were illegally removed from premises 818 Tasker Street, Philadelphia, Pa., on November 26, 1952, by defendants. He seeks recovery of these articles, or their value if they have been disposed of, together with damages for the unlawful detention.

Plaintiff and defendant Concetta Cinardo were married in 1926; by decree of March 24, 1952, they were divorced. A reconciliation was tried after the divorce decree, and the parties resumed common residence at 818 Tasker Street, Philadelphia, Pa., until November 26, 1952. At that time defendants removed to 1310 Dickinson Street, Philadelphia, Pa., taking with them the household effects for recovery of which plaintiff has brought the present action.

At the trial of the issue, plaintiff disclaimed ownership of some of these effects (itemized in schedule A) [1].

---

[1] *Schedule A:*

| | |
|---|---|
| 1 Spoon set | 2 Side tables |
| 1 4-piece set for dining room | 1 Radio |
| 1 Bicycle | 1 Smoking stand |
| 1 Stepladder | 1 Cocktail set |
| 1 Door Chimes | House tools |
| 1 Toaster | Kitchen utensils |
| 1 Radio | |
| 1 Bed, 2 mattresses, 2 springs | 1 Easy washer |
| *Schedule B:* | 12 Yards rug (stairway) |
| 1 Parlor suite | 12 Yards rug (door to kitchen) |
| 1 Table lamp | 1 Desk |
| 1 Floor lamp | 3 Light fixtures |
| 1 Mirror | 2 Switch plates |
| 1 Coffee table | 2 Door locks and knobs |

After plaintiff rested, defendants moved for a non-suit as to these effects, and also as to a dining room suite and a mirror. Defendants' motion as to the disclaimed items is granted; it is denied as to the dining room suite and the mirror.

## Findings of Fact

1. Plaintiff and defendants resided together at 818 Tasker Street, Philadelphia, until November 26, 1952.

2. On November 26, 1952, defendants, without notice to plaintiff, removed the household effects listed in schedules A, B, and C[1] from the residence to 1310 Dickinson Street, Philadelphia.

3. The household effects listed in schedule A have been disclaimed by plaintiff.

4. The household effects itemized in schedule B were purchased by plaintiff solely with his own funds.

5. The household effects itemized in schedule C were not purchased by plaintiff solely with his own funds.

6. Defendant Concetta Cinardo was gainfully employed from July 3, 1947, to August 15, 1947; from April 3, 1948, to October 21, 1950, and from May 7, 1951, to July 20, 1952.

## Discussion

In order for plaintiff to obtain relief in replevin, he must show his right to immediate and exclusive possession of the goods claimed: White Co., to use, v. Union Transfer Co. et al., 270 Pa. 514. While the right to possession does not necessarily follow ownership, plaintiff in this case does have the right to possess such articles of which he is the sole owner.

---

*Schedule C:*

| | |
|---|---|
| 2 Wall pictures | 1 Wall picture |
| 1 Sewing machine | 1 Dinner set |
| 44 Yards rug | 1 Vacuum cleaner |
| 44 Yards padding | 1 Mother of Pearl table |
| 1 Dining room suite | 6 Chromium chairs |
| 1 Mirror | 1 Studio couch |

In determining the question of ownership of household effects acquired during the continuance of a marriage, there was a presumption that goods in the joint possession of both spouses were owned by the husband. The husband's duty is to provide a home, and a home without household effects is bare. And we take the presumption to mean a duty on the claiming wife's part to come ahead with proof to show otherwise: Chadwick Estate, 154 Pa. Superior Ct. 157; Matheny Estate, 164 Pa. Superior Ct. 18; Schwartz Estate, 166 Pa. Superior Ct. 459. Dictum in Fine v. Fine, 366 Pa. 227, however, calls attention to the turns in law and living, removing the legal disabilities of a wife, and indicates a trend away from the presumption of ownership in the husband.[2] The Fine case questions the presumption but does not establish a presumption of ownership in the marital unit as tenants by the entireties. (See 99 U. of Pa. Law Review 498). The court said in the Fine case, at p. 229:

". . . It is even questionable, however, whether a presumption of sole ownership by a husband is *now* applicable since the emancipation of married women over their property and changed social conditions. A husband still may be required to provide his wife with a home, but in modern times, when married women are so universally engaged in professions, business and

[2] This trend is given direction in a recent case in Delaware, Dupont v. Dupont, 98 A. 2d 493. This was an action for separate maintenance in which the husband filed a counterclaim to recover certain household goods which plaintiff had taken and which were in her possession. The property in question had been paid for by the husband. The court held that household goods in the joint possession of both spouses are presumptively held by the entireties, even though paid for by the husband; that if married persons desire to preserve individual title to such property, it is up to them to evidence such ownership by appropriate documents or by other evidence which can overturn the presumption of joint ownership. See also 102 U. of Pa. Law Review 258 (1954).

trades, it is unrealistic to *presume* that it was with the husband's funds *alone* the furniture and furnishings in their joint possession were purchased and that the husband is their *sole* owner."

Ownership, therefore, under the Fine case, depends upon a tracing of the source of the funds used in the purchase of the goods. If the husband purchased the effects with his own funds, the burden is upon the wife to show he intended a gift to her or to the marital unit. Here the proof establishes certain goods to be owned solely by plaintiff; other goods by the former spouses either in entireties or in common;[3] the remaining items solely by defendants.

Plaintiff may claim (in replevin) only those goods owned by him solely; he cannot (in replevin) be granted relief as to those owned by him jointly or in common with defendants or any of them, nor as to items owned exclusively by defendants.

"Replevin does not lie by one owner in common against another . . .": Rockwood and Company v. Pusey, 95 Pa. Superior Ct. 129, 131; Pollock v. Pollock, 40 Luz. 182.

Defendants established their interest in the effects listed under schedule C.[1] Despite plaintiff's testimony that he did not know his wife was working while they were living together, satisfactory evidence from the wife's employers shows she did work part of that time. The evidence is persuasive to show that her funds, at least in part, were used to purchase the wall pictures, the dining room suite, the rugs and rug padding, the mother of pearl table, the chromium chairs, the vacuum cleaner, and the studio couch. Plaintiff's witness, Mr. Guargenti, testified the mirror was given to both Mr.

---

[3] Under the Act of May 17, 1949, P. L. 1394, 68 PS §501, after a divorce the former spouses become tenants in common of equal one-half shares of the property acquired after 1949 which was owned by them as tenants by the entireties.

and Mrs. Cinardo as a bonus when they bought the dining room suite from him. There is also sufficient evidence to show that plaintiff gave the sewing machine to his wife. Defendants Francesca and Nancy Cinardo purchased the dinner set. Plaintiff is therefore not entitled to the immediate and exclusive possession of the articles listed under schedule C.[1] As to plaintiff's gold chain and his birth certificate, the proof was insufficient to establish that defendants removed these items and have them in their possession.

We find however that the effects listed under schedule B[1] were purchased solely with plaintiff's funds. The fact they were used by the family does not pass an interest in the property. We conclude therefore that plaintiff is entitled to be awarded possession of these effects. Moreover, plaintiff has been deprived of the use and enjoyment of those items to which he is entitled, from November 26, 1952. This may be measured by interest at the rate of six percent on $972.50, the value of such property: M. Andrade & Son, Inc., v. Martin et al., 80 D. & C. 419, 431; Klapper, etc., v. Lackawanna Pants Manufacturing Co., 68 D. & C. 370.

We now issue the following

### Order

And now, February 16, 1954, upon hearing and consideration, the court makes the following determination of this action in replevin:

1. Plaintiff has the right to recover possession of the effects listed under schedule B.[1]

2. The money value of the effects listed under schedule B[1] is $972.50.

3. Plaintiff is entitled to damages for detention of the property listed under schedule B[1], measured by interest at the rate of six percent on $972.50, from November 26, 1952.

4. Defendants have the right to retain possession of the effects listed under schedule C.[1]