## Brandt, Appellant, v. Hershey.

Argued March 19, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John A. Erickson,* with him *Lewis, Lewis & Erickson,* for appellant.

*James R. Koller,* with him *Elmer E. Harter, Calvin D. Spitler,* and *Siegrist, Koller & Siegrist,* for appellees.

OPINION BY FLOOD, J., June 13, 1962:

This is a replevin case in which a wife seeks to recover one-half of a crop of corn (or its value) harvested by her estranged husband from a farm owned by the entireties.

In her complaints the plaintiff alleged only that the husband-defendant and certain other defendants harvested the corn contrary to her orders and directions and caused it to be delivered to the defendant, Mark Hershey, at his place of business, the Hy-Line Hatchery, and that they have refused to deliver any or all of it to her or to pay over the proceeds of the crop to her. In her prayers for relief she did not ask judgment for possession of the entire crop or damages for its value, but only for possession of her "share" of the crop or for one-half its value.

The defendants filed demurrers alleging that the complaints failed to state causes of action (1) because the plaintiff sought to recover only a share or the value of a share of a crop to which she did not have title, and (2) because title to crops growing on land owned by the entireties is exclusively in the husband.

The court below sustained the demurrers on the ground that replevin does not lie against a spouse to recover entireties property because neither spouse has sole title or the right to exclusive possession of such property. Holding that this disability or defect could not be cured by amendment, the court dismissed the complaints without prejudice to the plaintiff's right to pursue other remedies, including assumpsit, or an action in equity for an accounting.

Even if this were a suit against Hershey alone to preserve the entireties property, Mrs. Brandt could not succeed without the joinder of her husband as a plaintiff. "Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants." Pa. R. C. P. No. 2227-(a). In these appeals the plaintiff does not seek an order authorizing an amendment of the pleadings enabling her to discontinue the actions against her husband, join him as an involuntary plaintiff, and proceed in replevin against the defendant, Mark Hershey, for the entire crop, or its value. Compare: *Sielecki v. Sielecki,* 107 Pa. Superior Ct. 291, 163 A. 375 (1932); *Pastore v. Forte,* 104 Pa. Superior Ct. 55, 158 A. 649 (1932); and *Magee v. Morton B. & L. Association,* 103 Pa. Superior Ct. 331, 158 A. 647 (1931). In each of those cases a wife-plaintiff brought an appropriate action to preserve entireties property but the lower court dismissed the action because the plaintiff failed to join her husband as a co-plaintiff. In each case this court reversed and remitted the record to the court below with directions to permit the plaintiff to amend by joining her husband as a co-plaintiff, involuntarily, if necessary, in order that the action might continue, no other, or more appropriate, remedy being available.

The plaintiff here does not seek an order permitting her to comply with the compulsory joinder provisions of Pa. R. C. P. No. 2227 which codifies the substan-

tive rule expressed in the *Sielecki, Pastore* and *Magee* cases, supra, requiring both spouses to join as plaintiffs in actions to preserve or recover entireties property. See: Note of the Procedural Rules Committee to Rule 2227. On the contrary, in her brief she insists upon her right to maintain replevin actions against her husband and to obtain in such actions what amounts, in effect, either to an involuntary division or partition of the entireties property, or an order directing the defendant-husband to account for one-half of its value or one-half of the proceeds of its sale. She goes so far as to argue that a suit in equity would not lie because she has an adequate remedy at law in replevin.

The action of replevin is not appropriate or available for the relief sought by the plaintiff. It is a legal form of action ordinarily employed only to recover possession or the value of specific personal property unlawfully withheld from the plaintiff plus damages for its detention. 10 Standard Penna. Practice, chap. 43, §1 et seq. It is primarily a possessory action in which the issues ordinarily are limited to the plaintiff's title or right to possession of the goods. Ibid. Thus, no counterclaim may be asserted in replevin. Pa. R. C. P. No. 1082(a).

Even if a wife may bring replevin against her husband to recover her separate property under the provisions of the Act of June 8, 1893, P. L. 344, §3, as amended, 48 PS §111 (authorizing suit by a married woman against her husband "in a proceeding to protect and recover her separate property"),[1] this act gives her no right to recover an undivided interest in personal property owned by the entireties.

In *Notes v. Snyder*, 55 App. D. C. 233, 4 F. 2d 426 (1925), the court, while affirming the right of either

---

[1] See Annotation: Right of husband or wife to maintain replevin against other, 41 A.L.R. 1054.

spouse to bring replevin against the other, ruled that an undivided interest in the property was insufficient to support the action. In that case the husband brought an action of replevin against his wife to recover jointly owned household furniture. The court affirmed a directed verdict for the defendant, saying (Id. at page 234, 4 F. 2d at page 427) : "The plaintiff could not recover, except upon proof of a right to the immediate and exclusive possession of the property at the time of the commencement of the action. 34 Cyc. 1386. The action does not lie for an undivided interest in personal property. 23 R. C. L. 862; 43 Cyc. p. 1359. In the present case the property was owned jointly by the parties, and the husband had no right to the exclusive possession of it."

The decisions of our common pleas courts are in accord with *Notes v. Snyder,* supra. Replevin to recover the wife's separate property was allowed in *Berger v. Berger,* 19 Pa. Dist. 427, 3 Leh. L. J. 183 (1910), and *McDonald v. McDonald,* 38 Pa. C. C. 268 (1911), but in *Cinardo v. Cinardo,* 2 Pa. D. & C. 2d 219 (1954), where a divorced husband brought replevin against his former wife and others, Judge SLOANE held that he could recover only items of property owned solely by him and not items owned jointly or in common with any of the defendants. Replevin does not lie by one tenant in common against another. *Rockwood and Company v. Pusey,* 95 Pa. Superior Ct. 129 (1928). Subject to certain exceptions not relevant here,[2] one tenant in common cannot maintain replevin without joining his co-tenants because the plaintiff's right to possession must be exclusive in order to warrant a delivery of the property to him. *Reinheimer v. Hemingway,* 35 Pa. 432 (1860).

---

[2] See: *Ferguson v. Rafferty,* 128 Pa. 337, 18 A. 484 (1889).

Since the statutory remedies for compulsory division or partition of jointly owned property by their terms are not available to married persons,[3] it is doubtful that a wife may compel a division of tangible entireties property in any proceeding prior to divorce. See: *Tioga No. 2 B. & L. Association v. North Philadelphia Trust Co.,* 125 Pa. Superior Ct. 234, 237, 189 A. 708, 710 (1937). In *Fitzpatrick v. Fitzpatrick,* 181 Pa. Superior Ct. 581, 124 A. 2d 709 (1956), one of our few appellate cases involving a dispute between husband and wife as to tangible personal property owned by the entireties, this court reversed an order of the chancellor denying any relief whatever to a husband whose wife surreptitiously had removed entireties household effects from the common habitation and placed them in storage, thereby appropriating to herself their exclusive use and enjoyment. But this is a far different thing from directing a partition of the property by sale and division of the proceeds or otherwise.

The defendant contends that title to crops grown on entireties real estate vests exclusively in the husband. We do not have to determine whether the current law of Pennsylvania includes this common law doctrine, dating from the days when all of a woman's personal property became the property of her husband upon marriage. Pennsylvania decisions compelling a husband to account to his spouse for rents received from entireties real estate are evidence to the contrary. *Brobst v. Brobst,* 384 Pa. 530, 121 A. 2d 178 (1956). However, it is not clear that the plaintiff is entitled to an accounting under the circumstances set forth in these complaints. So far as the complaints disclose the husband may be holding the crop or its proceeds for the joint benefit of the parties intending to apply it, for

---

[3] Act of April 27, 1927, P. L. 460, No. 294, 12 PS §1791 et seq., Act of May 10, 1927, P. L. 884, as amended, 68 PS §501 et seq.

example, for the payment of joint obligations, the improvement of entireties' real estate or the living expenses of both parties. Or it may be that the plaintiff has the exclusive enjoyment of other entireties property. If on the other hand the defendant-husband has appropriated to himself the entire use, benefit or enjoyment of the parties' entireties property, to the complete exclusion of the plaintiff, relief may be obtained in a proceeding in equity, where the reciprocal rights, interests and obligations of the parties, including the obligation of the defendant-husband to support the plaintiff, may be taken into consideration and relief fashioned to suit the needs and rights of the particular litigants in the light of all the circumstances. See *Lindenfelser v. Lindenfelser,* 383 Pa. 424, 427-428, 119 A. 2d 87, 88 (1956).

Since an action of replevin is neither available nor appropriate for the relief sought by the plaintiff under the circumstances set forth in her complaints, they were properly dismissed by the court below.

Orders affirmed.