## Lucas v. Lucas

*H. Nevin Wollam*, for plaintiff.

*Loughran & Loughran*, for defendant.

WEISS, J., March 21, 1963.—A complaint in equity was filed by plaintiff, Joseph E. Lucas, on August 10, 1962. Plaintiff alleged that he was sole and absolute owner of certain items of personal property, including a policy of life insurance, United States Government E Bonds and shares of stock which were issued in the name of Joseph E. Lucas and Anne T. Lucas, defendant. Plaintiff also alleged in the second count of the complaint that plaintiff was provisional owner of a one-half interest in a restaurant and bar business and that the liquor license for the said bar business was titled in the name of defendant, Anne T. Lucas, as a matter of convenience to plaintiff ". . . and was not a gift or transfer to the said defendant, . . . ". Subsequently, a policy of insurance and the United States Government Bonds were deposited with the prothonotary of Westmoreland County by defendant. Defendant filed preliminary objections to the complaint in equity, and the matter is before the court en banc upon those objections.

The first preliminary objection of defendant is:

"1. The complaint does not join a necessary and indispensable party, to wit, Anne T. Lucas, as a party plaintiff under Pa. R. C. P. No. 2227, both spouses are required to join as plaintiffs in such an action as here brought."

Plaintiff has stressed the case of Brandt v. Hershey, 198 Pa. Superior Ct. 539, 182 A. 2d 219. The case involved an action in replevin by the wife plaintiff to

recover one-half of the corn crop harvested by the estranged husband from the farm which was owned by husband and wife as tenants by the entireties. The headnote 1 of Brandt v. Hershey, supra, reads:

If husband and wife own property by the entireties, a wife cannot succeed in a suit to preserve the entireties property without joinder of her husband as a plaintiff: Pa. R. C. P. No. 2227(a), 12 PS Appendix.

The present husband and wife are separated by a decree in divorce a mensa et thoro which was granted on November 20, 1962. The husband and wife in that action were divorced. Secondly, that action represents one of replevin which is primarily a possessory action and is limited to plaintiff's title or right to possession of goods. Also, the action was not limited to one against defendant husband, but other parties were involved. The Supreme Court of Pennsylvania has adjudicated similar cases between husband and wife to protect their separate property, and in those instances the Married Woman's Property Act, June 8, 1893, P. L. 44, sec. 3 as amended March 27, 1913, P. L. 14, sec. 1; 48 PS §111, has been followed: Brobst v. Brobst, 384 Pa. 530. In these instances, the joinder of Anne T. Lucas as either voluntary or involuntary plaintiff is unnecessary.

The second, third, fourth, fifth, sixth and eighth preliminary objections of defendant are to the jurisdiction which equity may have in declaring that property titled in one spouse is held in a constructive trust for the other. The objection is that plaintiff has failed to plead in his complaint that the property which is held in the wife's name was given to her while they enjoyed a confidential relationship. Only with a confidential relationship may a constructive trust be declared between a husband and wife. The case principally relied upon by defendant is that of Stewart v. Hooks, 372 Pa.

542. This case stands for the proposition that a confidential relationship is not established as a matter of law when a husband or wife transfers all their interest in property to the other.

The seventh preliminary objection of defendant is:

"Equity has no jurisdiction to grant the prayer of the Second Count for the reason that the Liquor license involved in this matter is a franchise of privilege which is in the name of this defendant, granted by the Pennsylvania Liquor Control Board and there is no property right under the laws of Pennsylvania in a liquor license."

It is true that the ultimate decision as to whether or not a liquor license should be transferred is with the Liquor Control Board, but the court has jurisdiction of defendant and may make a decree in personam requiring her to perform certain acts, but only if there is a contract. In this proceeding, there is no contract, therefore there can be no breach of any contract and equity has no jurisdiction.

### Order

And now, to wit, March 21, 1963, after due and careful consideration, it is ordered, adjudged and decreed that the preliminary objections are hereby sustained and judgment is hereby entered for defendant. Costs of this proceeding are to be placed on plaintiff.