## Benckini v. Benckini

*Lewis R. Long*, for plaintiff.

*Milton J. Goodman*, for defendant.

WIEAND, J., July 13, 1965.—This is an action in equity between a husband and wife who have been separated but not divorced. In dispute are rents from real estate owned by the entireties, compensation paid for the condemnation of real estate owned by the entireties and the title to certain real estate acquired by the defendant since the parties have been separated. . . .

The most bothersome problem and the dispute which seems to have generated the most heat concerns the distribution to be made of moneys received from the Commonwealth of Pennsylvania as damages for the condemnation of real estate owned by plaintiff and defendant by the entireties. Plaintiff contends that the incidents attaching to an estate by the entireties were destroyed when the real estate was condemned and that the damages paid should be divided equally between

husband and wife. Defendant argues, however, that the incidents of a tenancy by the entireties continue to attach to the proceeds and that the court is without power to terminate the same and compel an equal division. He concludes, therefore, that this money must first be used to pay joint obligations—concretely, the mortgage and other liens against real estate in Lehigh County which is owned by the parties as tenants by the entireties—and that only the balance remaining thereafter can be divided between the parties. Although our attention has been called to no cases which have decided this precise issue, we are not without applicable principles which aid us in determining this question.

In Interboro Bank and Trust Company of Prospect Park Appeal, 359 Pa. 315, the dispute concerned the distribution of the proceeds realized from the sale of real estate owned by the entireties where the wife was a weakminded person. Her guardian contended that the incidents of the estate attached to the proceeds of the sale and that consequently the court was powerless to direct a division of the proceeds and thus terminate an estate by the entireties. In rejecting this argument and directing an equal division of the proceeds, the court said: "Application of the principles for which appellant contends would, if carried to their logical conclusion, permit a court to direct sale of properties held as tenants by the entireties and deprive [the parties] of any beneficial use during the life-time of both spouses. If the proceeds are indelibly impressed with the incidents of an estate by the entireties the right of the guardian to its exclusive use is based upon the survival of the ward. If, on the other hand, she predeceases him, the entire fund passes to his hands. For all practical purposes, the fund would be, therefore, immobilized and could not be used for the benefit of either the ward or her family. Here, the husband needs financial assistance for food, clothing and shelter

for himself and their four children. If the court were without power to terminate an estate by the entireties . . . great hardship would be visited upon all concerned. That power, however, does exist and the court below properly directed termination of the estate and an equal division thereof."

We note also that in Schatten v. Schatten, 64 Lack. Jur. 108, a court of equity directed an equal division of moneys received by husband and wife as damages resulting from the condemnation of real estate which they had owned by the entireties.

Defendant concedes that the parties themselves can always terminate a tenancy by the entireties and make any division of the assets to which they may agree. Where, as here, the parties have already agreed that the tenancy by the entireties shall be terminated and the only dispute is as to the manner of distributing the proceeds, we know of no reason why a court of equity cannot resolve that dispute.

An equal division of the proceeds is the only equitable one under the circumstances of this case. Under such a division, plaintiff will not be required to use her portion in a manner dictated by the defendant. If, as defendant seems to fear, he should become compelled to pay and does, in fact, pay more than his proportionate share of the joint obligations which constitute liens against the real estate in Lehigh County and plaintiff is benefitted thereby, his remedy is an action for contribution: Dowler Estate, 368 Pa. 519. Meanwhile, plaintiff's portion of these proceeds should not be immobilized by requiring that it be invested in real estate which, although owned by the entireties, is and has been occupied and used exclusively by defendant. Whether or not she has been wrongfully excluded therefrom we need not now decide. The undisputed fact remains that defendant alone has lived in the property and has used it to conduct his nursery business, while

paying no rent therefor. At the same time he has contributed nothing to the support of plaintiff other than a portion of the rents from the jointly owned property in Pike County. Finally, there is no reason to suppose that the Lehigh County real estate is of insufficient value to discharge fully the obligations which constitute liens against the same.

Plaintiff also seeks relief in three additional ways. She asks for an accounting of the rents received by defendant from the property in Pike County; she requests that defendant be declared a trustee of all remaining lands owned jointly by her and her husband in Pike County; and she seeks to construct a trust upon all real estate purchased by defendant since the separation, as well as the improvements which he has caused to be erected thereon.

As to the rental income, plaintiff has clearly failed to meet the burden of proving that this income was being used by defendant to the exclusion of plaintiff or that there was any attempt to defraud her. On the contrary, plaintiff has already received more than half of the net rents received from the jointly owned real estate, and there is no evidence whatsoever concerning the use to which defendant has put the remaining rents. In the absence of evidence from which it can be found that plaintiff has been excluded from the enjoyment of rights inherent in the entireties estate, she is not entitled to an accounting of the rents: Reifschneider v. Reifschneider, 413 Pa. 342; Brandt v. Hershey, 198 Pa. Superior Ct. 539; Wakefield v. Wakefield, 149 Pa. Superior Ct. 9; Weiner v. Weiner (No. 2), 28 Lehigh 359.

Similarly, there is no reason to impose a trust, as plaintiff seems to think necessary, in order to preserve her interest as a tenant by the entireties in that portion of the unimproved land remaining after condemnation. This land continues to be owned jointly by the parties

to this action, and we fail to perceive what rights thereto plaintiff expects to receive from the court which she does not already possess. There is neither allegation nor evidence that she has ever been excluded from the enjoyment of this tract, and if this should at any time occur, her rights can be enforced by proper injunctive order: Lindenfelser v. Lindenfelser, 396 Pa. 530.

Finally, plaintiff urges that a trust be imposed upon the real estate which has been purchased by defendant since January 7, 1960, and upon the cottage which he has caused to be placed thereon. There is no evidence, however, to support the granting of such relief. The record is barren of any evidence of fraud, and there is nothing to indicate that the defendant at any time used assets in which plaintiff had any interest whatsoever. The only reason advanced by her in support of this position is that the cottages are the same cottages which had been erected on the land which the parties owned by the entireties prior to its condemnation for highway purposes. Upon condemnation, however, the title to both the land and its improvements passed to the condemnor, and it was for the taking of both land and improvements that the parties were compensated. Thereafter the condemnor was at liberty to sever the improvements from the land and sell the same to anyone who was willing to pay the price demanded. In this instance, defendant purchased the cottages and caused them to be moved to other land which he owned, using his separate assets to accomplish both their purchase and removal. Where a husband, without fraud and by using his separate funds, has acquired assets, a wife who is separated from him will not be heard to complain that he has failed to place the title thereto in both names.

Counsel for plaintiff has suggested in his requests for findings and conclusions that the court retain juris-

diction of this litigation for the purpose of partitioning the entireties real estate in Lehigh County. This relief was not requested in the complaint and the suggestion was not made until after the trial. Under these circumstances, we will not consider either partition or plaintiff's right to partition at this time or as a part of this action.

Our adjudication is based upon the following:

## CONCLUSIONS OF LAW

1. Where a husband and wife, who are separated but not divorced, receive moneys in satisfaction of a claim for damages arising from the condemnation of real estate owned by them as tenants by the entireties, a court of equity will direct an equal division thereof and will not require that such moneys first be used to satisfy a mortgage and other liens against real estate owned jointly by them but used and occupied exclusively by one of them without paying rent therefor to the other.

2. Where a husband and wife are separated but not divorced, the husband will not be compelled to account for rents received from real estate owned by the entireties where wife-plaintiff has failed to prove an intent to defraud and there is no evidence that the rents were not used for common purposes of the husband and wife.

3. Where there is no evidence that a wife has been excluded from the exercise or enjoyment of rights inherent in an estate held by the entireties, a court of equity will neither impose a trust on the property nor compel its sale.

4. Where a husband, without any intent to defraud his wife and using his separate assets, purchases real estate and places the title thereto in his own name, a court of equity will not impose a constructive trust thereon at the request of the wife.

5. Where a husband, without any intent to defraud his wife and using his separate assets, purchases cottages from a condemnor and removes the same from

condemned real estate owned prior to condemnation by the entireties and thereafter re-erects the cottages on other land owned by him individually, a court of equity will not impose a constructive trust upon the cottages or the land.

6. The following will be entered as the

### DECREE NISI

And now, July 13, 1965, it is ordered, adjudged and decreed that the sum of $19,086 paid to plaintiff and defendant by the Commonwealth be distributed to and between them in equal shares. The remaining requests for relief contained in the complaint are denied. Costs to be paid by defendant.

Now, July 13, 1965, the foregoing adjudication is ordered filed and notice thereof given to counsel for the parties and if no exceptions are filed thereto within 20 days after service, the decree nisi shall be entered as the final decree in the case.